HUTCHINSON v. BOURS.

WHERE there is no question as to the proper judgment to be entered on a verdict, the judgment should be entered at once, without waiting for a motion for new trial.

A suspension of proceedings under the judgment will fully protect the losing party.

A Court may, in term time or vacation, order judgment on a verdict rendered and recorded, if the motion for new trial were taken under advisement.

Pending a motion for new trial, taken under advisement for decision in vacation by consent of parties, another term of the Court intervenes, when, upon some incidental motion, the cause was continued and the Court adjourned: *Held*, that the continuance was only a continuance of the motion for new trial, and did not affect the power of the Court to act on the motion at its convenience.

The judgment, in pursuance of the verdict, is the act of law upon record facts, and follows as a matter of course, unless the Court intervene.

A statement agreed on by parties should not, probably, be amended by the Court on motion, except under a very clear showing of mistake or fraud.

A statement on appeal, to be regarded, must be *entire*.

Statements and exceptions should be speedily settled.

APPEAL from the Fifth District.

For case see opinion.

*Hall & Huggins*, for Appellants.

The Court had no power to render judgment in vacation. (Smith v. Chichester 1 Cal. 409; 5 Cal. 493; Ib. 406; Robb v. Robb, 6 Id. 21; Whipley v. Flower, Id. 630; People v. Talmadge, Id. 256; Phelps v. Peabody, 7 Id. 50; Morris v. Dopman & West, 3 Cal. 257; Turner v. McIlhany, 6 Id. 287; Stearns v. Aguirre et al. 7 Cal. 443; Feillett v. Engler 8 Ib. 76.)

The agreement only extended to deciding the motion for new trial in vacation. Besides, the motion to amend the statement should have been decided before the motion for new trial.

*D. W. Perley*, for Respondent.

The law is, that when a District Court adjourns for the term it loses all control over cases where final judgment has been rendered, unless jurisdiction is retained by some motion or proceeding made during the term; but that where such motion or

Hutchinson *v.* Bours.

proceeding has been made during the term, the jurisdiction of the Court still obtains and the Court may, at any time after the determination of said motion, *render* or *amend* a judgment in that case *nunc pro tunc*, provided there is anything in the record to render a judgment upon or to amend by. The judgment to be rendered or the amendment to be made, must be based upon the minutes of the Court or upon some matter of record, and not resting merely in the memory of the Judge. And these principles govern this case for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring.

The main error assigned is that the judgment was entered in vacation. A verdict was found in the Court below, in January, 1857, and motion was thereupon made for a stay of proceedings, which was granted, to enable plaintiff to move for a new trial. No judgment was then entered. On the 26th day of January, plaintiff filed his statement on motion for new trial, and, on the following day, defendants filed their amendment. On the 31st January, plaintiff and defendants made an agreed statement and filed it, and on the same day, by consent, in open Court, waived all objections to having the motion for a new trial heard and determined before the Judge in vacation. The motion was not heard in vacation, but came up for hearing at the April Term, and plaintiff moved for leave to amend the statement, and upon filing motion and affidavits in support thereof, an order was made continuing the cause. The Court adjourned the next day. On the 27th May, 1857, plaintiff's motion for leave to amend came up for hearing before the Judge at chambers, and the motion was sustained and the amendment allowed. The Judge then overruled the plaintiff's motion for a new trial, and ordered judgment to be entered upon the verdict. This was done accordingly by the Clerk.

1. Before proceeding to consider the point made, we think it well, in order to secure uniformity of practice, to suggest that we consider it better, in all cases where there is no question as to the proper judgment to be entered on a verdict, for the Court to direct judgment to be entered at once, without waiting for a motion for a new trial or any proceedings to set aside the ver-

dict. The judgment can be as well set aside as the verdict, while there may be some embarrassments, as in this case, attending the postponement of the entry, and the plaintiff ought to have the benefit of the security, which is sometimes very important, afforded by the lien of the judgment. A suspension of all proceedings under the judgment fully protects the losing party from all loss or injury if, from any cause, the verdict be set aside or the judgment vacated.

2. The verdict having been rendered and appearing of record, the Court could, in term time or vacation, order the proper judgment when the motion was taken under advisement by it. The continuance of the case at the April Term was only a continuance of the motion, for there was no cause pending for trial in Court; but this order did not change the condition of things before existing, nor affect the power of the Court to act on the motion at its convenience. The judgment, in pursuance of the verdict, is the act of the law upon record facts, and follows as a matter of course, unless the Court intervene to prevent it. It is not necessary to pursue this matter, for we have, in effect, decided the point in the recent case of McMillan and Richards, at this term. The authorities cited by the Appellant apply to an entirely different state of facts from those in this record.

3. The statement having been agreed upon by the parties, probably the Court below should not, unless under a very clear showing of mistake or fraud, have permitted an amendment; but we cannot very well see how the plaintiff can complain that his amendment was allowed, whether with or without notice, when the Court, without his amendment, would have been justified in acting upon the motion.

4. The agreed statement is not in the record. We see no error in the matter presented by the amended statement, but we could not consider it if we saw apparent error, for we cannot act upon a piece of a statement. It is necessary for us to see the *entire* statement as settled before we can pronounce that there is error in any part, unless, indeed, the part is complete in itself, in its relation to a given exception.

The delays and confusion which have come to our knowledge, in this and other cases, suggest the propriety of a speedy settlement of statements and exceptions. They can be better settled

soon after the trial than any other time, and there is seldom any necessity for a delay of more than a few days to make an accurate and entire record of the proceedings had at the trial. If the District Judges acted upon this suggestion, and compelled Attorneys to settle the bills of exceptions or statement immediately after the trial, it would save a good deal of delay, contention, and dispute, and insure a more faithful history of the facts, and a more accurate statement of legal propositions. Of course these remarks are not intended to reflect upon the parties here or their Attorneys, much less the Judge below, but are made in consequence of many evils illustrated by a contrary practice to that suggested.

The judgment is affirmed.