STATE EX REL. ROBINSON, PLAINTIFF, *v.* CLEMENTS, JUDGE, DEFENDANT.

(No. 2,535.)

(Submitted March 18, 1908. Decided March 28, 1908.)

[94 Pac. 837.]

*Mandamus—Stay of Execution—Discretion Upon Terms—Presumptions.*

Mandamus—Stay of Execution—Discretion—Presumptions.
    1. *Held,* on application for writ of mandate to compel a district judge to vacate an order granting a stay of execution pending the determination of a motion for new trial, that the petition, which failed to show what facts, if any, relative to the solvency of the movant were brought to the knowledge of the judge at the time the order was made, was insufficient to overcome the presumption that official duty had been regularly pursued, and that the order complained of was the result of the exercise of a sound legal discretion.

Stay of Execution—Upon Terms—Discretion.
    2. While the granting of a stay of proceedings after notice of motion for a new trial has been given rests in the discretion of the trial judge, such power should be exercised with caution and upon the exaction of some sort of security, except in cases where the ultimate satisfaction of the judgment is otherwise assured.

MANDAMUS by the state, on the relation of Alvin Robinson, against J. M. Clements, as judge of the district court of the First Judicial District, Lewis and Clark county, to compel the setting aside of an order granting a stay of execution without terms pending a motion for a new trial. On motion to quash the alternative writ. Motion sustained, and proceedings dismissed, unless plaintiff amends his petition within fifteen days.

*Messrs. Clayberg & Horsky,* for Plaintiff.

*Messrs. Carpenter, Day & Carpenter,* for Defendant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Mandamus.* From the verified petition filed herein the following facts appear: On February 15, 1908, in the district court of Lewis and Clark county, Alvin Robinson, a minor, in an action brought by him through Wm. H. Hirst, his guardian, against the Helena Light & Railway Company for damages for personal injuries, had a verdict for $10,000, and judgment was duly entered thereon. On February 21st counsel for the corporation, having served and filed their notice of intention to move for a new trial, asked and were granted by the judge who tried the cause, and the defendant herein, forty-five days from that date in which to prepare, serve and file their bill of exceptions in support of their motion, and also a stay of execution upon the judgment until the motion could be heard and determined. No terms were imposed upon the defendant corporation in consideration of the stay by exaction of security or otherwise. Counsel for plaintiff resisted the granting of the stay, on the ground that the judge had no power to grant it without imposing terms, either by exacting security for the payment of the amount of the judgment in the form of an undertaking or bond, or in some other form, or, at least, without some sort of terms. They excepted to the order, and later moved the judge to set it aside so far as it granted the stay. The motion having been denied, application was made to this court for a writ to compel the judge to vacate and set aside the part of the order complained of. On the return of the alternative writ counsel for defendant submitted a motion to quash it and dismiss the proceeding on the ground that the facts stated do not warrant the relief demanded. Upon the question thus raised the proceeding was submitted for final determination.

Section 1175 of the Code of Civil Procedure provides: ''When notice of intention to move for a new trial is given, the judge may, upon such terms as in his opinion shall be just, make an order staying proceedings until the motion for new trial is disposed of.'' In support of the application it is contended that, while it is clear that this provision clothes the judge with discretionary power to grant a stay in any case, it is equally clear that the use of the expression ''upon such terms as in his opinion shall be just'' implies that a stay may not be granted in any case, except upon the imposition of some kind of terms appropriate to the particular case; in other words, neither the court nor judge may grant a stay without some sort of security.

The assumption that the statute lodges the matter of stay in each case in the discretion of the judge is properly made. Within the limitations declared the court may stay a judgment pending a motion for a new trial, but the discretion is not arbitrary. Since such stay always results in delay, and may result in a defeat of justice, the power should be exercised with caution, and upon the exaction of some sort of security, except in cases where the ultimate satisfaction of the judgment is otherwise assured. (1 Freeman on Executions, sec. 32.) In the absence of a stay order the owner of the judgment is entitled to execution at any time, as a matter of right, within six years from the date of its entry. Since this is so, and since there is danger, also, that the delay will defeat satisfaction of the judgment, the circumstances in each case as they appear from the proceedings themselves or from the showing made upon the application must be such as to move the discretion of the court or judge; otherwise the application should be denied; for discretion cannot be exercised unless there be facts and circumstances to put it in motion. To grant a stay merely because it is asked for, without regard to the existent conditions, is an arbitrary and illegal use of power which the statute does not confer.

But it does not necessarily follow that terms must be imposed in every case. There are many different kinds of judgments, including personal judgments for money, judgments requiring

the delivery of property, both real and personal, judgments ordering the cancellation of instruments, judgments requiring the specific performance of contracts, judgments directing the sale of property for the enforcement of liens of mortgages, or of mechanics, and many others so framed as to meet the requirements of each particular case. In every instance the successful party is at least *prima facie* entitled to an execution or other appropriate process to secure satisfaction. The aim of the statute is to preserve the *statu quo* until collateral proceedings for purposes of review may be disposed of. After this stage of the proceedings is passed the matter of stay is no longer lodged in the discretion of the trial court, but is governed by other provisions of the statute which must be complied with pending appeal. (Code Civ. Proc., secs. 1725-1734.)

What terms shall be imposed in each case, or indeed whether the circumstances require the imposition of any terms other than those which are imposed by virtue of the proceedings themselves, is a matter to be governed by sound legal discretion. Within these broad limits the court or judge is free to act, and such action is conclusive in the absence of a showing of abuse. If the personal judgment is a lien upon a defendant's unencumbered real estate sufficient to satisfy it, security may be dispensed with. So in mortgage foreclosures and the like, generally speaking, there has already been set apart by the parties themselves security for final satisfaction. If the judgment is for the recovery of real property, there is generally no necessity for security. If it be for the recovery of specific personal property, generally security for its safekeeping and ultimate delivery is necessary, if it has not already been given. If the instrument ordered canceled is of record, it cannot be disposed of so far as to defeat the ultimate relief decreed. So through the list of particular cases that might be enumerated; and in every such case the trial judge will be presumed to have done his duty, and to have acted, in granting a stay, either upon knowledge within his possession gained from the proceedings themselves, or from a proper showing made when the stay order is demanded.

In this case it does not appear what facts were shown to the defendant or were brought to his knowledge at the time the order was made. So far as we can judge from the statements in the petition, it may have been made to appear to him .that the defendant corporation has ample unencumbered real estate upon which the judgment is a lien. Assuming, therefore, that this court should, in a proper case, use the writ of *mandamus* to compel the requirement of security pending the motion for a new trial, the presumption must be indulged that the defendant regularly pursued his duty (Code Civ. Proc., sec. 3266), and that the order complained of was the result of the exercise of a wise discretion.

The motion to quash the alternative writ is therefore sustained. If the plaintiff desires to amend his petition so that it will supply the allegations of fact necessary to obviate the objection suggested herein, he may do so within fifteen days from this date. Otherwise the proceeding will be dismissed.

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

### ON AMENDED PETITION.

(Submitted May 11, 1908. Decided May 18, 1908.)

[95 Pac. 845.]

*Stay of Execution—Terms—Abuse of Discretion—Mandamus.*

Stay of Execution—Abuse of Discretion—*Mandamus.*
   1. Where a street railway company against which a money judgment had been recovered had presented no facts to the district court, as to its ability to respond to an execution, upon which to base an order staying execution pending determination of a motion for a new trial, the court in granting the application abused its discretion. Writ of mandate ordered issued to annul the order.

Same—Erroneous Practice.
   2. The fact that a district court had for many years pursued the erroneous practice of granting a stay of execution upon the *ex parte* application of a party moving for new trial, without exacting security, contrary to the plain provisions of section 1175 of the Code of Civil Procedure, did not endow the practice with the force of law, no matter how long continued.

Statutes—Contemporaneous Construction.

    3.  Contemporaneous construction cannot abrogate a plain provision of law or fritter away its obvious sense.

Stay of Execution—Solvency of Litigants—Judicial Notice.

    4.  In passing upon an application for a stay of execution pending the determination of a motion for new trial, the court may not take judicial notice of the solvency of the movant, but must, in granting it, base its order upon facts known from proceedings had in the case or ascertained by the hearing of evidence in the usual way.

PEREMPTORY WRIT directing defendant to vacate and set aside the order granting the stay, ordered issued.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Availing himself of the suggestion made in the opinion of this court in the disposition of the original application in this cause (*State* v. *Clements, ante,* p. 96, 94 Pac. 837), and the permission therein granted, the plaintiff on April 11th filed an amended petition in which, in addition to the facts alleged in the original petition, appears the following statement: "And that prior to the time said order last mentioned was made no fact or facts whatsoever were shown or brought to the knowledge of, nor was any showing whatsoever made to, the said district court or the said judge thereof, as to whether the said defendant in said action then was, or ever had been or is, the owner of any unencumbered real estate, or of any other unencumbered property whatsoever; nor was any statement or any showing whatsoever made to said judge, other than the mere verbal request of said defendant's counsel, for a stay of execution for a period of forty-five days from the date of said application, in which to prepare, serve and file a bill of exceptions on motion for new trial; and pursuant to said request, and with no statement or showing other than said verbal request for said order staying execution, the said order staying execution was made as aforesaid."

The defendant thereafter filed an answer, in which it is alleged, in substance, that it has been the practice in this juris-

diction for many years to grant stay of execution upon *ex parte* application of the moving party pending motion for new trial, without requiring security; that on February 21, 1908, when the application for a stay was made in the case of *Robinson, by His Guardian, etc.,* v. *Helena Light & Power Co.,* and counsel for plaintiff protested that a bond or other security should be required, the defendant informed them that, if they had any reason for asking a bond, defendant would take it into consideration; that counsel refused to give any reason, insisting that the defendant should not grant a stay without imposing some kind of terms; and that, taking judicial notice of the fact that the Helena Power & Light Company is a large concern, possessed of a large amount of property and engaged in serving the public of the city of Helena, the defendant, exercising judicial discretion, granted the stay without security, leaving it to plaintiff's counsel to apply for security at any time, and to show cause why it should be required. Upon this answer the question was submitted to this court whether a peremptory writ should issue.

Under the construction of section 1175 of the Code of Civil Procedure of 1895, declared on the former hearing to be the proper one, the defendant could not, under the circumstances, grant a stay, for he had nothing before him on the application addressed to his judicial discretion to justify taking away from the plaintiff the right to have execution under section 1210 of the Code of Civil Procedure. A course of practice founded upon a mistaken construction of a statute cannot have the force of law, no matter how long it has continued, unless there be a reasonable doubt as to the meaning of the particular provision upon which the practice is founded. Contemporaneous construction cannot abrogate a plain provision of law or fritter away its obvious sense. (*State ex rel. Haire* v. *Rice,* 33 Mont. 365, 83 Pac. 874.) The duty did not rest upon the successful party to furnish the facts necessary to move the defendant's discretion. He was entitled to his execution, in the absence of a stay, and the stay could be granted only upon an application, supported by facts sufficient to move judicial discretion.

Again, a court or judge cannot take judicial notice of the solvency of a litigant or the condition of his or its property. This is not among the things which a court or judge must judicially know. (Code Civ. Proc., sec. 3150.) The fact that the Helena Light & Power Company is a great concern serving the public of the city of Helena puts it upon no other footing than that occupied by a natural person, and the ability of a private person to respond to an execution cannot be known to the court or judge except upon facts known from proceedings already had in the case, or ascertained by the hearing of evidence in the usual way.

It is ordered that a peremptory writ issue directing the defendant to vacate and set aside the order granting the stay.

*Writ issued.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.