THE HON. WILLIAM L. HOLLOWAY, ⎫
⎬ Associate Justices.
THE HON. SYDNEY SANNER, ⎭

---

STATE EX REL. JONES, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,554.)

(Submitted October 5, 1914. Decided November 21, 1914.)

[144 Pac. 564.]

*Mandamus—Judgment—Entry—Stay—Verdict—Construction.*

Judgment—Entry After Verdict—Stay.
  1.   Under section 6800, Revised Codes, which requires entry of judgment within twenty-four hours after rendition of the verdict, unless the case is reserved for argument or further consideration or a stay of proceedings is granted, neither reservation nor stay can be allowed by the court *ex gratia* or without adequate reason.

  [As to *mandamus* to compel entry of judgment by default, see note in Ann. Cas. 1913B, 344.]

Same—Stay After Verdict in Aid of New Trial.
  2.   In the absence of consent, a stay of proceedings after verdict and before entry of judgment, in aid of a new trial, cannot be had, since a stay for that purpose can be granted only after notice of intention to move for a retrial, and such notice cannot be given until after entry of judgment.

Verdict—Setting Aside—New Trial—Power of District Court.
  3.   While the district court may refuse to receive a verdict which is informal or insufficient, it cannot set it aside upon substantial grounds

save by granting a new trial, nor grant a new trial except upon motion made in the manner, within the time and upon the grounds specified in the Codes.

Judgment—Entry—Reservation for Argument—Power of Court.

4. *Held*, that a case may, after verdict, be reserved for argument, under section 6800, Revised Codes, only when the judgment does not necessarily follow the verdict, or where, after the discharge of the jury, the verdict is claimed to be unresponsive to the issues, or so ambiguous or informal that no proper judgment can be entered in conformity therewith.

Trial—Verdict—Construction.

5. Under the rules that a verdict is not to be technically construed but must be given such a reasonable construction as will carry out the obvious intention of the jury, and that the law regards that as certain which can be made certain, *held* that a verdict was sufficient to warrant entry of judgment thereon, though its formal appearance lent support to the contention that the jury returned three verdicts.

*Mandamus*—Controlling Judicial Action—When Rule Does not Apply.

6. *Mandamus* does not lie to control judicial action, but will run to compel the vacation of an order into the making of which judicial discretion could not enter, and which the court had no power to make.

Judgment—Entry *Nunc Pro Tunc*—When.

7. Where the entry of judgment within twenty-four hours after rendition of verdict was prevented by an unauthorized order of the trial judge, the successful party is, upon vacation of such order, entitled to have it entered *nunc pro tunc*.

[As to entry of judgment *nunc pro tunc*, see note in 4 Am. St. Rep. 828.]

*Mandamus.* Original application by the State, on the relation of Ruth Jones, against the District Court of the Twelfth Judicial District in and for Valley County and Frank N. Utter, a judge thereof. Peremptory writ issued.

*Messrs. Norris & Hurd,* for Relator; *Mr. Edwin L. Norris* argued the cause orally.

*Messrs. Purcell & Horsky* and *Mr. John L. Slattery,* for Respondents, submitted a brief; *Mr. Antone J. Horsky* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

*Mandamus* to compel the district court of Valley county and Frank N. Utter, as judge thereof, to vacate an order staying the entry of judgment upon a verdict and to order the entry of such judgment. The uncontroverted facts are as follows: Ruth Jones commenced her action in the above court against W. F. Shannon

and Lila Shannon, seeking damages for wrongfully and maliciously ejecting her from a public hotel conducted by them. Issue was joined and the cause tried to the court sitting with a jury. The verdict was for the plaintiff, and upon its return the court ordered it to be filed, but "ordered further that no judgment be entered, and that the case be reserved for further argument and consideration, and ordered that in the meantime a stay of proceedings be had." This was on July 17, 1914. No judgment has been entered on the verdict, because the clerk is restrained by the order last mentioned, and the court has refused to vacate the same notwithstanding plaintiff's repeated demands.

In his return to the alternative writ, the respondent Judge Utter sets forth that the order complained of is not and was not intended as a final order denying judgment in any event, but was an order authorized by section 6800, Revised Codes, staying the entry of judgment pending reservation of the cause for argument and further consideration; that, upon making the order, the court requested counsel to argue the question whether the court could, on its own motion, set aside the verdict and grant a new trial, which question was argued by counsel on July 20; that at the conclusion of the argument the court requested counsel to present briefs or citations of authority upon said question, but no such briefs or citations have been furnished by either party.

From this return it is perfectly clear that the district court, [1] believing the jury to have wrongly decided the issues, stayed the entry of judgment in an action at law pending the discussion and decision of a proposition which had nothing whatever to do with the form of the verdict, with its responsiveness to the issues, or with its adequacy in any respect to support a judgment; and the question is whether such an order can be properly made for such a purpose. Section 6800, Revised Codes, provides: "When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the

court order the case to be reserved for argument or further consideration, or grant a stay of proceedings.''

That the court may, under some circumstances, reserve a case for argument or grant a stay of proceedings is not to be denied; but in view of the fact that the prevailing party is *prima facie* entitled to have judgment entered as directed in the above section (*Consolidated G. & S. Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152), and that a positive duty is thereby imposed upon the clerk from which he is absolved, without recourse by the prevailing party, pending reservation or stay, it must be that neither reservation nor stay can be allowed *ex gratia* or without adequate reason. Generally speaking, this is certainly true of a stay after judgment, for this court so declared in *State ex rel. Robinson* v. *Clements,* 37 Mont. 96, 127 Am. St. Rep. 701, 94 Pac. 837. A stay before judgment is in reality a more serious matter than a stay after judgment. In this connection a great authority has said: ''If there is no doubt as to what judgment is proper, the better practice is to enter it at once. The judgment may as well be set aside as the verdict. Therefore such proceedings as may be appropriate to securing a new trial, or any other right of the losing party, can be prosecuted as advantageously upon granting a stay of proceedings upon the judgment as upon the verdict. The immediate entering of judgment authorizes the making up of the judgment-roll, and thus secures a lien on the judgment debtor's real estate. To this security he is at once justly entitled. If the court delays in granting it to him, he may, during the stay of proceedings, be deprived of the fruits of his litigation.'' (1 Freeman on Judgments, sec. 42; *Hutchinson* v. *Bours,* 13 Cal. 50.) To this we may add: The stay complained of was confessedly in aid of a new trial contemplated by the court upon its own motion. A stay in
[2]   aid of a new trial is properly granted only after notice of intention has been given (Rev. Codes, sec. 6798), and notice of intention cannot be given until after judgment has been entered. (Rev. Codes, sec. 6796.) From this it would seem to follow

—certainly in the absence of consent—that a stay before judgment for such a purpose is a legal impossibility.

Nor, in any proper sense, can it be said that the "case" was reserved for argument or further consideration. The "case" was held up pending the argument of a collateral matter (1 Spelling, New Trial & Appellate Procedure, sec. 14), upon a proposition no more open to question in this state than if it were written in unmistakable language in the Code itself. We [3] say this because it has been repeatedly held by this court that, while the trial court may refuse to receive a verdict which is informal or insufficient, it may not set aside a verdict upon substantial grounds, save by granting a new trial (*Morris* v. *Burke,* 15 Mont. 214, 38 Pac. 1065; *Harrington* v. *Butte, A. & Pac. Ry. Co.,* 36 Mont. 478, 93 Pac. 640), nor grant a new trial save upon motion made in the manner, within the time and upon the grounds specified in the Code. (*Ogle* v. *Potter,* 24 Mont. 501, 62 Pac. 920; *Porter* v. *Industrial Printing Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67; *State ex rel. Stromberg-Mullins Co.* v. *District Court,* 28 Mont. 123, 72 Pac. 412; *Wright* v. *Matthews,* 28 Mont. 442, 72 Pac. 820; *State ex rel. Walkerville* v. *District Court,* 29 Mont. 176, 74 Pac. 414; *Vreeland* v. *Edens,* 35 Mont. 413, 89 Pac. 735; *Canning* v. *Fried,* 48 Mont. 560, 139 Pac. 448.) After a careful consideration of the subject, [4] we are satisfied that a case tried by a jury may be reserved for argument, under section 6800 above, only when the judgment does not necessarily follow the verdict, as, for instance, in equity suits, or where, after discharge of the jury, the verdict is claimed to be unresponsive to the issues or so ambiguous or informal that no judgment, proper under the issues, could be entered in conformity with it.

It is argued by counsel for respondents that the jury returned three verdicts; hence it cannot be told what the verdict is, and no judgment can be entered in conformity with it. As indicated [5] above, the trial court did not make this a basis for the order complained of, and we think properly so. In our opinion, there was but one verdict; and while the formal appearance of it jus-

tifies the remarks of counsel, the law regards that as certain which can be made certain. "A verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury." (*Consolidated G. & S. Min. Co.* v. *Struthers, supra.*) We find no difficulty in understanding that the jury intended to assess the damages at $1,000, of which $500 should be considered as actual damages and $500 exemplary. Whether any exemplary damages should have been allowed, or whether the verdict as we have construed it is supported by the evidence, is not now the question.

It is also contended by counsel for respondents that, assuming the verdict to be good, the court had the right to reserve the case for argument, and its action in so doing, even if erroneous, cannot be questioned in this proceeding. The rule that [6] *mandamus* will not lie to control judicial action is too well settled for discussion. The trouble here is that, if the conclusions above announced are correct, the order complained of is within a recognized exception which exists if "it appear by necessary legal deduction from the facts stated that the aggrieved party has been denied a right which it was the plain legal duty of the officer to grant, and without his proper discretion to refuse." (*State ex rel. Davis* v. *District Court*, 30 Mont. 8, 75 Pac. 516.) It was not an order which the judge might make rightly or wrongly according to his best judgment, but one which, under the circumstances returned by him, he had no authority to make at all. It was analogous to the order in *State ex rel. Robinson* v. *Clements, supra*, which this court held reversible upon *mandamus*.

The relator was entitled to have judgment in conformity with [7] the verdict from the moment it was entered, and she was deprived of this right by the order complained of. Under the rule adopted in *Comanche Min. Co.* v. *Rumley*, 1 Mont. 201, and since followed (*Territory* v. *Clayton*, 8 Mont. 1, 14, 19 Pac. 293; *Barber* v. *Briscoe*, 9 Mont. 341, 345, 23 Pac. 726; *Parrott* v. *McDevitt*, 14 Mont. 203, 206, 36 Pac. 193), she is entitled to have such judgment entered *nunc pro tunc*.

It is ordered that a peremptory writ issue directing respondents to vacate the order forbidding the entry of judgment in the cause referred to, and to direct the entry of judgment in conformity with the verdict therein as of the date thereof.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY, being absent, did not hear the argument and takes no part in the foregoing decision.