[Civ. No. 12084. First Dist., Div. Two. Apr. 17, 1942.]

WALTER WOODS, Respondent, v. EUGENE WALKER et al., Appellants.

308

T. L. Chamberlain and Gerald Beatty Wallace for Appellants.

Chas. J. Janigian, Jas. F. Brennan and Chas. A. Tuttle for Respondent.

SPENCE, J.—This is an appeal by defendant Eugene Walker and defendant Kenneth Lee, his employee, from an order of the trial court denying their motion for judgment notwithstanding the verdict.

Plaintiff sought damages for personal injuries sustained in an automobile accident. The jury returned a verdict in favor of plaintiff and against said defendants in the sum of $5,200. Said defendants had previously made a motion for a directed verdict which was denied and, following the verdict, they made a motion for judgment nothwithstanding the verdict which was likewise denied. In support of said motions, said defendants contended that the evidence was insufficient to show negligence on the part of the defendants and that the evidence affirmatively showed that plaintiff was chargeable with contributory negligence as a matter of law. The same contentions are presented on this appeal.

The accident occurred on the transcontinental highway known as U. S. Highway No. 40. Plaintiff was driving a Dodge truck in a general westerly direction along said highway at about 11 p. m. on the night of July 11, 1939, proceeding from Truckee toward Auburn. The collision took place at a point about one-half mile west of the Pioneer Garage, at which point plaintiff's truck collided with the truck of defendants which was admittedly parked without lights at least partially on the paved portion of the highway.

The photographs in evidence clearly show the nature of

the highway and the adjacent terrain near the point of collision. Said photographs show a straight portion of a typical mountain highway running through a long but shallow cut with banks gradually sloping upward from the sides to a height of about 15 feet. The main traveled portion of the highway is well paved with a white line running down the center thereof. The testimony shows that each side of the paved portion of the highway is 11 feet 8 inches in width. On either side of the paved portion is a shoulder of small rock and dirt which slopes very gradually downward to a small ditch or drain, approximately 6 inches in depth, at the foot of the sloping bank. The distance from the edge of the paved portion of the highway to the bank is 6 feet 4 inches.

The testimony offered by defendants shows that defendant Lee had been operating a Ford truck, loaded with beehives, in a general westerly direction on said highway when the lights of said truck went out. Said defendant stopped said truck but there is some conflict in the evidence as to the exact position at which said truck was brought to a stop. Said defendant conceded that there was "about a foot and a half" of the truck on the paved portion of the highway, stating that he did not drive further off the paved portion as "there is a little ditch there." There is other evidence, however, tending to show that defendants' truck was entirely or practically entirely on the paved portion of the highway and that it would have been practicable to have driven said truck to a position where it would have been entirely off the paved portion of the highway.

After stopping the truck, a man working with defendant Lee started to take out a fuse and to put in a new one. Defendant Lee testified that he looked into the rear view mirror and saw the lights of an automobile coming down the hill from behind. He stated that he had no time to put out flares, with which the truck was equipped, but he jumped out of the truck and flashed his flashlight in an attempt to wave the driver of the approaching car around the truck. Plaintiff, a man 68 years of age, saw that someone was waving a flashlight in the middle of the road when his truck was about 85 to 100 feet away. He also saw that the person waving the flashlight was moving across the road toward the bank. Plaintiff did not see the unlighted truck and he "thought it was a hold-up." He "got all excited" and

swerved his ''car out to get around him to get away from him'' and struck a portion of the rear of the truck while traveling at about 30 miles per hour. Plaintiff's car went out of control and ran over to the opposite bank of the road and stopped.

We are of the opinion that there was ample evidence to justify the jury in concluding that defendants were chargeable with negligence proximately causing the collision. Defendants first claim that it was not ''practicable'' for them to have stopped their truck off the paved portion of the highway (Veh. Code, § 582), but under the evidence that question was one of fact for the determination of the jury. Defendants further claim that section 584 of the Vehicle Code relieved them of the restrictions provided in section 582 of the Vehicle Code. Said section 584 relates only to a vehicle which is ''disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle upon such part or portion of said highway.'' The most that can be said is that the question of whether said vehicle was disabled to such an extent as to make it impossible to avoid stopping on the paved portion of the highway was, under the evidence presented, also a question of fact for the determination of the jury. It has been held that under these circumstances the burden of proof was on defendants to prove the impracticability or the impossibility. (*Casey* v. *Gritsch,* 1 Cal. App. (2d) 206 [36 P. (2d) 696].) And further, it may be added that aside from any consideration of the specific provisions of the Vehicle Code, it was for the jury to determine whether defendant Lee had done all that a reasonably prudent man would have done under the same or similar circumstances to protect other vehicles approaching along said heavily traveled highway.

We are further of the opinion that the question of whether plaintiff was chargeable with contributory negligence was likewise a question of fact for the jury. It may not be said that plaintiff was guilty of contributory negligence as a matter of law merely because he failed to see the unlighted truck on the highway in time to avoid the collision. (*Hall* v. *Associated Oil Co.,* 19 Cal. App. (2d) 491 [65 P. (2d) 954] ; *Scoville* v. *Keglor,* 27 Cal. App. (2d) 17 [80 P. (2d) 162] ; *Gammon* v. *Wales,* 115 Cal. App. 133 [300 Pac. 988] ; *Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467 [290

Pac. 684]; *Grimes* v. *Richfield Oil Co.*, 106 Cal. App. 416 [289 Pac. 245]. See, also, *Casey* v. *Gritsch, supra.*)
The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied May 16, 1942, and appellants' petition for a hearing by the Supreme Court was denied June 16, 1942.