[Civ. No. 6761. Third Dist. July 7, 1942.]

WALTER WOODS, Petitioner, v. L. RECHENMACHER, as County Clerk, etc., Respondent.

Jas. F. Brennan, Chas. J. Janigian and Charles A. Tuttle for Petitioner.

T. L. Chamberlain, Lowell L. Sparks and Gerald B. Wallace for Respondent.

ADAMS, P. J.—This is a proceeding in mandamus to compel the clerk of the Superior Court of Placer County to enter judgment on the verdict of a jury.

In an action brought in the Superior Court of Placer County, California, Woods sought damages for personal injuries. Trial was had before a jury which, on September 13, 1941, returned a verdict in favor of plaintiff for the sum of $5,200. On the same date and before entry of judgment defendants moved the trial court to enter judgment in their favor notwithstanding the verdict, reserving the right to apply for a new trial if said motion was denied. On October

3, 1941, the court made the following order, which was entered in its minutes:

"It is hereby ordered that defendants' motion for judgment notwithstanding the verdict of the jury be and the same is hereby denied.

"IT IS FURTHER ORDERED that a stay of proceedings herein be granted so that the entry of judgment be stayed until defendants have an opportunity to perfect an appeal from the order denying their motion for judgment notwithstanding the verdict, if so advised, and in the event that an appeal is perfected, the entry of judgment shall be stayed until the determination of said appeal and the filing of the remittitur with the Clerk of this Court."

On October 10, 1941, Woods filed in this court a petition for alternative writ of mandate to be directed to L. Rechenmacher, county clerk of Placer County, directing her forthwith to enter judgment on the verdict in the said action or show cause why she had not done so.

The facts above stated were set forth in the petition, and it was also alleged that the aforesaid order that entry of judgment be stayed is null and void, that the court had no jurisdiction, power or warrant of law to issue said order; that said order causes unnecessary delay in the final determination of said cause, and prevents the entry of judgment and the running of interest thereon in favor of plaintiff; that plaintiff is of the age of seventy years and may die before judgment be entered, all to plaintiff's irreparable damage; that the respondent clerk has, after a written request of plaintiff so to do, refused and still refuses to enter judgment on said verdict because of said void order; and that said order shows on its face that its only effect is to delay final determination of the cause and that it can serve no other purpose, as all of defendants' rights with respect to said motion can be obtained by motion for a new trial or an appeal if said motion be denied.

Upon order of this court an alternative writ was issued on October 10, 1941. On October 28, 1941, respondent L. Rechenmacher filed a return and answer thereto, in which she based her refusal to enter judgment after verdict upon the aforesaid order of the court, and asserted that said order was within the jurisdiction and power of the court by reason of general law, and inherent power of the court, and section 664 of the Code of Civil Procedure of California. She fur-

ther alleged that said order was made under the circumstances and for the reason that on October 2, 1941, Charles A. Tuttle, one of the attorneys of record for plaintiff, and Gerald B. Wallace, an associate of one of the attorneys of record for defendants in said superior court action, called at the chambers of the judge of said court and discussed the possible effects of a ruling upon the motion then under submission; that attorney Wallace expressed the view that if the court decided to deny defendants' motion for judgment notwithstanding the verdict, confusion could be avoided if an order were made staying the entry of judgment so that the time for giving notice of intention to move for a new trial would not commence to run, in the event that said defendant concluded to appeal from said order; that if a motion for a new trial were proceeded with and the court should grant said motion there was a possibility of a new trial being held while an appeal was still pending; that the District Court of Appeal had authority to enter judgment in favor of defendants on such appeal if so disposed, and that consequently a new trial would involve useless and needless expense to plaintiff and defendants and would result in inconvenience and uncertainty to all parties concerned; that attorney Wallace presented to the trial judge a proposed draft of an order staying proceedings, which said draft of proposed order was handed to the respondent on October 3, 1941, by said judge, with instructions to make it a part of the order denying said defendants' motion for judgment notwithstanding the verdict; and that said order was forthwith duly entered by respondent in the minute book of the court.

It was also alleged that defendants had filed notice of appeal from the order denying motion for judgment notwithstanding, and at the date of the return and answer the official transcript was in course of preparation.

On November 11, 1941, the transcript on said appeal was filed in this court. On February 2, 1942, by order of the Supreme Court the case was transferred to the District Court of Appeal for the First District, Division Two, which, on April 17, 1942, affirmed the order of the trial court refusing judgment notwithstanding the verdict (51 Cal. App. (2d) 307 [124 P. (2d) 844]). On June 16, 1942, a petition to the Supreme Court for hearing therein was denied.

The question presented for determination here is then, whether, under the facts of the case, the trial court had power and authority after verdict by the jury awarding

damages to plaintiff to stay the entry of a judgment in conformity to the verdict until the determination of an appeal from its order denying defendants' motion for judgment in their favor notwithstanding the verdict.

Section 664 of the Code of Civil Procedure provides: "When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict (provided that in justices' courts such judgment shall be entered in the docket at once), unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings. When a motion for judgment notwithstanding the verdict is pending, entry of judgment in conformity to the verdict shall be automatically stayed until the court has rendered its decision upon the motion."

In the present instance the case was not reserved for argument or further consideration. The stay of proceedings was granted so that the time within which defendants could move for a new trial would not begin to run until said defendants had an opportunity to perfect an appeal from the order denying their motion for judgment notwithstanding the verdict, if so advised, and the coming down of the remittitur from the appellate court. It is not contended that there was any legal obstacle to having a motion for a new trial made and heard pending such appeal or that any hardship would have been imposed upon defendants had the judgment been entered in conformity with section 664, *supra*. It is not denied that the stay of judgment for plaintiff deprived him of the right to interest on the amount of his award during the time necessary for a decision on such appeal or that he was not also deprived of the right to the security of a lien upon any real property belonging to defendants as provided by section 674 of the Code of Civil Procedure of California. It is not contended that there was any defect or uncertainty or ambiguity in the verdict of the jury or that it was not responsive to the issues in the case.

An analogous situation was presented in *State* v. *District Court,* 50 Mont. 1 [144 Pac. 564]. Section 6800 of the Revised Codes of Montana provides (as does § 664, *supra*) that "When trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict within twenty-four hours after the rendition of the verdict unless the court order the case to be reserved for argument or further con-

sideration, or grant a stay of proceedings." In that case, after verdict by a jury awarding plaintiff damages the court ordered the verdict to be filed but "ordered further that no judgment be entered and that the case be reserved for further argument and consideration; and ordered that in the meantime a stay of proceedings be had." The trial court having refused to vacate this order on demands made by plaintiff, mandamus was sought by the state on the relation of plaintiff against the court and the judge thereof, to compel the vacation of the order staying the entry of judgment, and to order the entry of such judgment. In its return the court set forth that the order was not a final one denying judgment but was one authorized by the code section *supra;* that the court had requested counsel to argue the question whether the court could, on its own motion, set aside the verdict and grant a new trial; that argument had been had and briefs requested but not filed.

The Supreme Court said that from the return it was clear the trial court, believing the jury had wrongly decided the issues, stayed the entry of judgment pending the discussion and decision of a proposition which had nothing whatever to do with the form of the verdict, with its responsiveness to the issues, or with its adequacy in any respect to support a judgment; that while a court may, under some circumstances, reserve a case for argument or grant a stay, in view of the fact that the prevailing party is prima facie entitled to have judgment entered as directed in section 6800, *supra,* and that a duty is thereby imposed upon the clerk from which he is absolved pending the stay, it must be that neither reservation nor stay can be allowed ex gratia or without adequate reason; that generally speaking this is certainly true of a stay after judgment (*State* v. *Clements,* 37 Mont. 96 [94 Pac. 837, 127 Am. St. Rep. 701]; and that a stay before judgment is a more serious matter than a stay after judgment. (Citing and quoting from Freeman on Judgments, 4th ed, § 42.)

The court further said that the stay complained of was confessedly in aid of a new trial contemplated by the court upon its own motion, but that a stay for such purpose is properly granted only after notice of intention has been given, and that such notice cannot be given until after the entry of judgment (citing §§ 6796 and 6798, Revised Codes of Montana); and that from this it would seem to follow that a stay before judgment for such purpose would be a

legal impossibility. It was said also that the "case" was not reserved for argument or further consideration; that the "case" was held up pending argument on a collateral matter, because in Montana, while a court may refuse to receive a verdict which is insufficient, it may not set aside a verdict upon substantial grounds save by granting a new trial, nor grant a new trial save upon motion, etc., as provided in the code. The conclusion was that a case may be reserved for argument under section 6800, *supra,* only when the judgment does not necessarily follow the verdict or where, after discharge of the jury the verdict is claimed to be unresponsive to the issues or so ambiguous or informal that no judgment proper under the issues could be entered in conformity with it.

Also it was added that as plaintiff was entitled to have judgment in conformity with the verdict from the moment it was entered she was entitled to have such judgment entered *nunc pro tunc;* and the order of the court was that respondents vacate the order forbidding entry of judgment and direct entry thereof.

Freeman in his work on Judgments, 4th ed., says in section 42:

"The Code of Civil Procedure in California requires the clerk to enter judgment in conformity with the verdict within twenty-four hours after the rendition of the verdict, unless the court orders the case reserved for further consideration, or grants a stay of proceedings. If there is no doubt as to what judgment is proper, the better practice is to enter it at once. The judgment may as well be set aside as the verdict. Therefore such proceedings as may be appropriate to securing a new trial, or any other right of the losing party, can be prosecuted as advantageously upon granting a stay of proceedings upon the judgment as upon the verdict. The immediate entering of judgment authorizes the making up of the judgment roll, and thus secures a lien on the judgment debtor's real estate. To this security he is at once justly entitled. If the court delays in granting it to him, he may during the stay of proceedings be deprived of the fruits of his litigation."

Cited by Freeman is *Hutchinson* v. *Bours,* 13 Cal. 50, in which case, after verdict, a motion was made for stay of proceedings to enable plaintiff to move for a new trial. No judgment was entered. Some months thereafter a motion for a new trial was overruled and entry of judgment on the

verdict was ordered. The main error assigned on appeal was that judgment was entered in vacation; but before proceeding to determine that point the court said (p. 51), ''we think it well, in order to secure uniformity of practice, to suggest that we consider it better, in all cases where there is no question as to the proper judgment to be entered on the verdict, for the Court to direct judgment to be entered at once, without waiting for a motion for a new trial, or any proceeding to set aside the verdict. The judgment can as well be set aside as the verdict, while there may be some embarrassments, as in this case, attending the postponement of the entry, and the plaintiff ought to have the benefit of the security, which is sometimes very important, afforded by the lien of the judgment. A suspension of all proceedings under the judgment fully protects the losing party from all losses or injury if, from any cause the verdict be set aside or the judgment vacated.''

Also see 14 Cal. Jur. section 37, page 924, citing *Hutchinson v. Bours, supra.*

Conceding that by virtue of section 664, *supra,* a court is authorized to stay entry of judgment under some circumstances, we are of the opinion that the circumstances of this case did not justify such action. The case was not reserved for further argument or consideration, nor is it contended that there was anything defective in the verdict which would raise any doubt as to what judgment was proper. It does not appear that any real confusion would have arisen if the orderly processes of the law had been followed, even though a motion for a new trial were heard pending appeal from the order denying judgment notwithstanding the verdict. On the other hand it is not denied that plaintiff is injured by the stay as he is deprived of his right to interest until judgment is entered, and is also deprived of the possible benefit of the lien of his judgment. Section 664, *supra,* stays entry of judgment pending the decision of the court upon a motion for judgment notwithstanding the verdict; further stay of entry of judgment for the mere purpose of allowing a losing party to secure the ruling of an appellate court upon his motion for judgment notwithstanding before proceeding with a motion for a new trial is not, we believe, authorized thereby.

Respondent argues, however, that authority to order such a stay is within the inherent powers of a court—that courts have such inherent powers as are ''essential to their existence and to the due administration of justice''; that pre-

sumptively whatever judicial procedure is essential to enable courts to exercise their functions is authorized under their inherent powers, and that to enable the court in the instant case "to exercise its function of having only one appeal pending at a time" in the case of *Woods* v. *Walker* it had inherent power to stay the entry of judgment.

But it cannot be said that the avoidance of the pendency of more than one appeal in a case is a "function" of the trial court, essential to the existence of the court. And in view of the right conferred upon plaintiff by the statutes of this state to have judgment upon the verdict in his favor entered promptly, to draw interest on the amount of his judgment until satisfaction of same, and to have the benefit of a lien upon the property of defendants for his security, it cannot be said that the granting of the stay in this case was necessary to or tended to promote the due administration of justice.

It is therefore ordered that a peremptory writ of mandate issue commanding respondent forthwith to enter judgment for plaintiff upon said verdict of the jury, *nunc pro tunc* as of October 3, 1941.

Thompson, J., concurred.