[Civ. No. 12440.   First Dist., Div. Two.   Apr. 6, 1943.]

WALTER WOODS, Appellant, v. EUGENE WALKER et al., Respondents.

Charles J. Janigian, James F. Brennan and Charles A. Tuttle for Appellant.

T. L. Chamberlain and Gerald B. Wallace for Respondents.

SPENCE, J.—This is an appeal by plaintiff from an order granting defendants' motion for a new trial in a personal injury action.

After the jury had returned a verdict in favor of plaintiff, defendants made a motion for judgment notwithstanding the verdict. The trial court entered its order denying said motion and staying the entry of judgment during the pendency of an appeal from the order. On that appeal, the order denying defendant's motion for judgment notwithstanding the verdict was affirmed. (*Woods* v. *Walker,* 51 Cal.App.2d 307 [124 P.2d 844].) During the pendency of that appeal, plaintiff petitioned the District Court of Appeal for a writ of mandate to compel the clerk of the superior court to enter judgment on the verdict. A peremptory writ of mandate was subsequently issued in that proceeding commanding the clerk to enter judgment on the verdict *nunc pro tunc* as of October 3, 1941, being the date of the order denying defendants' motion. (*Woods* v. *Rechenmacher,* 53 Cal.App.2d 294 [127 P.2d 614].) Judgment on the verdict was entered on July 9, 1942, and was endorsed as recorded on October 3, 1941. Notice of the entry of said judgment was given on July 10, 1942. After the filing on June 18, 1942, of the remittitur on the appeal from the order denying defendants' motion for judgment notwithstanding the verdict but before the rendition of the decision of the District Court of Appeal on July 7, 1942, commanding the writ of mandate to issue, and before the actual entry of judgment, defendants served and filed on June 24, 1942, their notice of intention to move for a new trial. It is

not contended that the notice of intention to move for a new trial was prematurely served and filed. (Code of Civil Procedure, sec. 659). Owing to the illness of the judge who had tried the case, the motion for a new trial was heard and determined by another judge. The order granting the motion for a new trial was dated August 4, 1942, and was filed on August 5, 1942. It read "A new trial in the above cause is granted on all of the issues upon the ground of the insufficiency of the evidence to sustain or to justify the verdict and upon the further ground of errors in law occurring at the trial and excepted to by the defendants."

In support of the order granting the motion for a new trial, defendants' main contention is that the order was justified upon the ground of the insufficiency of the evidence. Plaintiff discusses the evidence in some detail and states that the decision on the former appeal (*Woods* v. *Walker*, 51 Cal. App.2d 307 [124 P.2d 844]) "clearly shows that the evidence was sufficient to justify the verdict." But the question involved on the former appeal was entirely different from the question involved here. On the hearing of defendants' motion for a new trial, the mere fact that there may have been sufficient evidence in the record to justify the denial of defendants' motion for judgment notwithstanding the verdict was not conclusive. It was the duty of the trial court on the hearing of the motion for a new trial to weigh the evidence and to determine in its discretion whether a new trial should be granted on the ground of the insufficiency of the evidence and in so doing, it was not bound by the fact that there may have been a substantial conflict in the evidence. As this court said in *Anderson* v. *Dahl*, 121 Cal.App. 198 [8 P.2d 883] at page 200:

"Appellant's main argument in support of his contention that the trial court erred in granting the motion is based upon a misconception of the function of the trial court in passing upon such motion. The argument proceeds upon the theory that because of the conflict the trial court could not weigh the evidence and exercise its discretion. This is not the rule in this state. The trial court is not bound by the rule as to conflicting evidence as is an appellate court, but it is its duty to weigh and consider the evidence of both parties and exercise its discretion in passing upon a motion for new trial.

Great latitude is given to the trial court and its action in granting the motion is conclusive upon an appellate court unless it clearly appears that it has abused its discretion.'' (See also *Glascock* v. *Watters*, 136 Cal.App. 713 [29 P.2d 434].)

Therefore the question before us is whether it clearly appears that the trial court abused its discretion in granting the motion for a new trial. The facts are sufficiently stated in the above mentioned opinion on the former appeal. Admittedly there was a conflict in the evidence and it appears entirely clear that a finding in favor of either plaintiff or defendants upon the issues of negligence and contributory negligence would have found ample support in the evidence. Under these circumstances it cannot be said that the trial court abused its discretion in granting the motion for a new trial.

Plaintiff further contends that as the judge who heard the motion for a new trial was not the judge who tried the case, his powers and duties with respect to weighing the evidence and determining the motion were not the same as would have been the powers and duties of the judge who tried the case in the event that the latter had heard and determined the motion. But the authorities in this jurisdiction are all to the contrary. (*Jones* v. *Sanders*, 103 Cal. 678 [37 P. 649]; *Wilson* v. *California C. R. R. Co.*, 94 Cal. 166 [29 P. 861, 17 L.R.A. 685]; *Miller* v. *Logan*, 32 Cal.App. 28 [161 P. 1022].)

Finally plaintiff makes several related contentions challenging defendants' right to move for a new trial at the time and under the circumstances that the motion was made in this case. It is contended that defendants waived their right to move for a new trial; that defendants waived notice of entry of judgment; that defendants are estopped to assert that they were not served with notice of entry of judgment on October 3, 1941; that defendants' notice of intention to move for a new trial, which was filed on June 24, 1942, was filed too late, despite the fact that no judgment was actually entered until July 9, 1942; and that the trial court was without jurisdiction to grant a new trial. We find no merit in any of these contentions. They are based largely upon plaintiff's construction of sections 629 and 664 of the Code of Civil Procedure and upon the decision in *Woods* v. *Rechenmacher*, 53 Cal.App.2d 294 [127 P.2d 614].

A reading of said sections shows that they contemplate the

entry of a judgment immediately following the denial of a motion for judgment notwithstanding the verdict; and a reading of said decision shows that the trial court's order staying the entry of judgment was unauthorized. █ But the fact remains that the judgment herein was not actually entered until July 9, 1942, and that notice of entry thereof was not served and filed until July 10, 1942. Defendants could have filed and did file their notice of intention to move for a new trial before the actual entry of judgment but their time for filing such notice did not expire until ten days after receipt of written notice of such entry. (Code of Civil Procedure, sec. 659.) █ We find nothing in the defendants' alleged request for a stay of entry of judgment or in defendants' exercise of their right of appeal from the order denying their motion for judgment notwithstanding the verdict which was inconsistent with their right to move for a new trial or which constituted a waiver or estoppel with respect thereto. We therefore conclude that defendants' notice of intention to move for a new trial was filed within the time allowed by law and that the trial court had jurisdiction to grant the motion.

The order granting a new trial is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied May 6, 1943, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1943. Carter, J., voted for a hearing.