## BRANGER AND DRIARD v. CHEVALIER.

A Judge can revoke his certificate, to a settled statement on appeal, during the term at which the judgment was rendered; but after the term has expired it cannot be done. While the term lasts, the Court has power to amend the record. After the term has passed, the record cannot be amended unless there is something in the record to amend by. The settled statement, until certified, is not record.

Where the Judge of the Superior Court certified to an engrossed statement, and subsequently revoked his certificate and ordered the statement to be made conformable to this latter settlement, which order was not entered on record; and the Judge of the Fourth District Court, to which the cause was transferred, ordered that the order of revocation and amendment be entered *nunc pro tunc*, there being no record evidence on which to base such an order: *Held*, to be error.

THIS WAS A MOTION to set aside the submission of the case to this Court, and also the record filed herein.

The facts appear in the opinion of the Court.

*P. W. Shepard* for Plaintiffs.

*N. Hubert* for Defendants.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Motion to set aside the submission of the case and the record.

This case was tried in the Court below, and the statement settled by the referee appointed by the Court for that purpose, and the statement *as settled*, ordered to be engrossed. When engrossed by the attorney of appellant, it was certified to be correct by the Judge of the Superior Court, and filed with the Clerk. The counsel for respondent afterwards moved the Court to strike the engrossed statement from the record, for the reason that it was untrue and contained matters not included in the settled statement. On the hearing of the motion, the Judge revoked his certificate to the engrossed statement, and ordered that the statement should be made conformable to the settled statement. This order was not entered in the record, nor is it certain that it was in writing; but if in writing, it was lost or mislaid. The Judge of the Fourth District Court, after the cases pending in the Superior Court had been transferred to that Court under the provisions of the Act of the Legislature, made an order directing the order made by the Judge of the Superior Court revoking his certificate to the correctness of the statement, to be entered *nunc pro tunc*.

The first question presented is, whether the Judge can afterwards set aside or revoke his certificate to the correctness of the statement.

We think that he may do so during the term of the Court at which the judgment was rendered. But after the time has expired, it cannot be done. The statement, when filed, becomes a matter of record. While the term lasts, the Court has power to amend the record. After the term has passed, the record cannot be amended, unless there is something in the record to amend by. The settled statement, until certified, is not record.

The second question is, whether the order of the Fourth District Court was proper. The only evidence of the order made by the Judge of the Superior Court, revoking his certificate to the correctness of the engrossed statement, was found in the recollection of the Judge, and of the counsel. This was not sufficient. Had the order been made in writing and signed by the Judge, and simply omitted to be entered on the minutes, then the order *nunc pro tunc* would have been proper.

The correct rule would seem to be this: That during the term the record may be amended in any manner so as to be made conformable to the facts. But when the term is past, it can only be amended in cases where the record itself shows the error. In such case there must be record evidence to amend by. (3 Cal. R., 255; 7 Marshall's Ky. R., 237.)

For these reasons the motion is denied.