[No. 3,478.]

## T. FLYNN AND B. BURNS v. F. D. COTTLE.

CANCELLATION OF CERTIFICATE SETTLING STATEMENT.—If, after an appeal was taken from a judgment, a statement on appeal was settled and certified as correct by the Judge, he could, under section sixty-eight of the Practice Act, at any time during the term, or within five months thereafter, cancel the certificate, on becoming satisfied that it was erroneous, or was made through inadvertence, and the filing of the transcript on appeal in the Supreme Court did not deprive him of this power.

SETTLING OF STATEMENT AFTER AN APPEAL.—When a certificate of the Judge, settling a statement made after appeal from the judgment, is cancelled by the Judge, after the transcript on appeal from the judgment has been filed in the Supreme Court, the respondent is not entitled to have the appeal dismissed, but the appellant is entitled to have the appeal retained until he can procure the statement to be settled and certified.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendant appealed from the judgment. The other facts are stated in the opinion.

*B. S. Brooks*, for Appellant.

*Sharp & Lloyd*, and *D. H. Whittemore*, for Respondents.

By the Court, CROCKETT, J.:

The appeal in this case is from the judgment, and was perfected June 18th, 1872. Fifteen days thereafter, the statement on appeal was settled and certified by the Judge, but was not filed in the Clerk's office until August 31st, 1872. After the transcript on appeal had been filed in this Court, to wit, on October 17th, 1872, the District Judge entered an order revoking and canceling his certificate, reciting in the order that it appeared that the statement as settled was erroneous, and that the certificate was inadvertently made.

The respondent brought up a certified copy of the order revoking the certificate, and moves to dismiss the appeal, on the ground that the statement on appeal has not been settled and certified, and that the appeal is therefore premature.

The appellant contends that after the appeal was perfected in due form, and the transcript had been filed in this Court, containing the settled statement, duly certified, it was not in the power of the District Judge to invalidate the appeal by cancelling his certificate to the statement. But the statement itself was settled, and the certificate made after the appeal was perfected; and the fact that the transcript was filed in this Court, did not deprive the District Court of any power which it otherwise had to amend its records. Under section 68 of the Practice Act, we think the Court had the power to cancel the certificate, on becoming satisfied that the statement, as settled, was erroneous, and that the certificate was made through inadvertence; provided the error was corrected, as in this case, either during the term or within five months thereafter. The point seems to have been expressly decided, and we think correctly, in *Branger* v. *Chevalier*, 9 Cal. 351. The statement, therefore, remains as yet unsettled, so far as we are advised from the record before us. But it does not follow that the appeal should be dismissed, because the statement has not as yet been settled. Under the Practice Act, an appeal might be taken without a statement on appeal, or in

advance of its settlement; and if it appear, as in this case, that the statement was filed in due time, and was certified by the Judge, but that, after the transcript had been filed in this Court, the Judge had revoked and canceled his certificate, the appeal from the judgment is nevertheless valid, and the appellant, if he so elects, will be entitled to have the appeal retained, until he shall have an opportunity to procure the statement to be settled and certified.

The motion to dismiss the appeal is denied, the submission of the cause set aside, and the cause will be restored to the calendar.

Neither Mr. Chief Justice WALLACE, nor Mr. Justice NILES, expressed an opinion.