[No. 4,281.]

## MACY v. DAVILA.

MOTION FOR NEW TRIAL.—When the notice of a motion for a new trial was served in 1872, the proceedings upon the motion must be determined by the Practice Act then in force, and not by the Code of Civil Procedure.

MOTION TO DISMISS MOTION FOR A NEW TRIAL.—If the Court below does not decide a motion to dismiss a motion for a new trial, the appellate Court cannot consider the question.

IDEM.—If no appeal is taken from an order refusing to dismiss a motion for a new trial, the appellate Court cannot review the order.

IDEM.—If the record on appeal does not contain any facts in support of a motion to dismiss a motion for a new trial, the appellate Court will not disturb an order denying the motion.

ORDER GRANTING NEW TRIAL.—If the trial Court grants a new trial on the ground that the evidence is insufficient to support the decision, and the evidence is substantially conflicting, the appellate Court will not disturb the order granting a new trial, even if the order is made by a Judge who did not hear the evidence at the trial.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The cause was tried by the Court. The final judgment was rendered September 2, 1872, by R. M. Widney, then Judge of the Seventeenth Judicial District. The notice of intention to move for a new trial was served and filed September 5, 1872. The motion to dismiss the motion for a new trial was made February 3, 1874. The new trial was granted by Judge Sepulveda, who was the successor in office of Judge Widney, on the 28th of February, 1874. The defendants appealed from the order granting a new trial.

The other facts are stated in the opinion.

*Stanford & Ramirez,* for the Appellants.

*Glassell, Chapman & Smiths,* for the Respondent.

By the Court, WALLACE, C. J.:

1. The action is ejectment, and was tried in 1872, and the appeal is taken from an order entered February 28, 1874, granting the plaintiff a new trial. The notice of intention to move for a new trial having been served upon the attorneys of the defendants in 1872, the proceedings upon the motion are to be determined by the Practice Act then in force, and not by the Code of Civil Procedure. (*Kelly* v. *Larkin,* 47 Cal. 58.)

2. On the 3d of February, 1874, and before the decision of the pending motion for a new trial, the defendants moved the Court below to dismiss it for want of diligence in its prosecution; because the motion had already been determined; because no notice of the time when the motion for a new trial would be presented had been served upon the

defendants, and because the motion itself had become "barred by the Statute of Limitations." Much of the argument filed here by the attorneys for the defendants, is directed to this motion, made by them in the Court below to dismiss the motion—for a new trial; but, for several reasons, we cannot consider the question sought to be made here in this respect. The motion to dismiss was not determined by the Court below. No order disposing of that motion is found in the record. No appeal is taken from such an order. But if such an order had been entered below, and an appeal had been taken therefrom, no facts are shown or attempted to be shown in the record which would support the motion to dismiss, and, therefore, even if it is to be considered as having been virtually denied by the subsequent order granting the plaintiff a new trial, it must have been taken to have been correctly denied.

3. The statement upon motion for a new trial contained many specifications of alleged errors, both of fact and of law. It specified several particulars, in which the evidence was claimed to be insufficient to support the decision upon the issues of fact made under the pleadings at the trial, and upon which issues of fact the evidence appears to have been substantially conflicting. We have constantly held that in such cases we would not disturb an order disposing of a motion for a new trial; and the circumstance that the decision upon the motion was made by a Judge of the Court below, who did not hear the evidence at the trial, makes no difference in the application of the rule. (*Altschul* v. *Doyle, ante* p. 535.)

Order affirmed.

Mr. Justice RHODES did not express an opinion.