[No. 4460.]

## JAMES CANNING *v.* THE CENTRAL PACIFIC RAILROAD COMPANY.

NEW TRIAL—WHEN TESTIMONY IS TAKEN BY DEPOSITIONS.—If the testimony is all taken by depositions, the Supreme Court will not disturb the verdict on the ground that it is not sustained by the evidence, unless it clearly appears that the verdict is against the weight of evidence.

ONE ALLEGING ERROR MUST SHOW IT. — The appellant who alleges error must show it; and if it is alleged that the verdict is against the weight of evidence, in a case where the testimony is taken by depositions, it is not sufficient merely to create a doubt upon that point.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action to recover damages for injuries sustained by the plaintiff while a passenger on the railroad of the defendant from the wharf, in the Bay of San Francisco, to Broadway station, in the city of Oakland. The injury was sustained on the night of September 29, 1869. As the train approached Broadway station, Oakland, the engine was switched off on a spur-track, and the cars, by the momentum which they had received, moved along the main track to the platform, without the engine. The engine was then moved back to the main track, and moved up to the rear of the cars, and, as it struck the rear car, for the purpose of being coupled, the jar caused the plaintiff to fall, and, at almost the same moment, the train moved. The cause was tried by the court without a jury, and the facts were found. The plaintiff had judgment for five thousand dollars, and the defendant moved for a new trial on the ground

that the findings and judgment were not warranted by the evidence.   The defendant appealed from an order denying a new trial, and from the judgment.

The other facts are stated in the opinion.

*S. W. Sanderson*, for the Appellant.

All the testimony was taken in the form of depositions before the court commissioner, and in that form submitted to the court at the trial.   Hence, if there should appear to be some conflict in the testimony (which we deny), the case does not fall within the rule which forbids this Court from disturbing the finding of the court below.   The ground of the rule has been stated, by this Court, thus: "We do this" (refuse to disturb the verdict where the testimony is conflicting) "because we are cut off from those important aids to the attainment of a correct conclusion which the jury and the court below find in the appearance and general bearing of the witnesses."   (*Rice* v. *Cunningham*, 29 Cal. 496.)

The ground of the rule being wanting in this case, the rule itself has no application.   So it has been expressly held by this Court.   (*Wilson* v. *Cross*, 33 Cal. 67.)

*H. P. Irving and W. W. Foote*, for the Respondent.

It is true the testimony in this case was taken before the court commissioner and submitted in that form to the court, but counsel certainly misapprehended the case of *Rice* v. *Cunningham*, when he quotes it to show that, under such circumstances, the general rule as to a conflict of evidence does not apply.

The general rule, both as to the verdict of a jury and the findings of the court is, that where the evidence is conflicting, the verdict or judgment will not be disturbed on an appeal to this Court.   The very case cited by counsel for appellant is authority for this proposition.   (*Rice* v. *Cunningham*, 29 Cal. 492.)

This case merely follows the general and unbroken current of decisions in this State rendered prior to that time. (*Johnson* v. *Pendleton*, 1 Cal. 132; *People* v. *Ah Ti*, 9 Cal. 16;

*McGarrity* v. *Byington*, 12 Cal. 426; *Cummings* v. *Scott*, 20 Cal. 83; *Ellis* v. *Jeans*, 26 Cal, 272; *Hawkins* v. *Abbott*, 40 Cal. 639.)

By the Court, CROCKETT, J.:

There is a substantial conflict in the evidence, in respect to the time allowed to the plaintiff within which to leave the train.    Several witnesses testify that he left the car without any unreasonable delay, and that while descending the steps he fell between the platform and the cars, and his leg was crushed by the moving train, the fall having been occasioned by a sudden jolting caused by coupling the engine to the cars.    On the other hand, several witnesses testified that the train remained stationary for three or four minutes, giving ample time for the passengers to descend to the platform in safety.    The testimony was all taken by depositions, and counsel asks us to weigh the evidence, which he insists greatly preponderates in favor of defendant on this point.    If it be assumed that in such a case it is our duty to weigh the testimony, the judgment must, nevertheless, be affirmed unless it clearly appears to be against the weight of evidence.    The appellant alleging error must show it affirmatively, and it will not be sufficient merely to create a doubt upon the point under review.    Tested by this rule, we are not prepared to say that the decision of the court below was against the weight of the evidence on this point.

The question at issue was whether the train was detained for a space of time reasonably sufficient, under the circumstances, to enable the passengers to descend in safety from the cars.    The train reached the station about midnight, in a dark night.    The plaintiff was about sixty years of age, and his wife, who was also a passenger, was an unusually corpulent, fleshy woman.    They had several small parcels with them, and when about to leave the car several articles dropped from a basket, which the wife stopped for a moment to replace.    This, however, occupied but a moment or two, and the plaintiff, his wife and the witnesses all testify that, with the exception of this momentary delay, they pro-

ceeded to leave the car immediately after the train became stationary, and while the plaintiff was descending the steps, the concussion produced by coupling the engine to the train caused the plaintiff to fall between the two cars; and before he could be extricated, the train was put in motion, and his leg was crushed. On the other hand, several witnesses, including the conductor, testify that in their opinion the train was stationary from three to five minutes. None of them attempt to state the exact time; but several relate transactions which occurred while the train was stationary, which in their opinion must have occupied several minutes. The estimate of one of them was shown to have been erroneous by several minutes, by means of an experiment afterwards made with a stop-watch. It is notorious that estimates of very minute periods of time, made by ordinary observers, whose attention at the time was not specially directed to the subject, are extremely unreliable; and without discussing the evidence further, it will suffice to say, that we are not satisfied that the finding on this point is against the weight of the evidence.

Order and judgment affirmed.

Mr. Chief Justice WALLACE and Mr. Justice RHODES dissented.