[Department One. — April 24, 1883.]

## SIMON BLUM, APPELLANT, *v.* LORENZO SUNOL ET AL., RESPONDENTS.

NEW TRIAL — PRESUMPTION — APPEAL. — Every intendment prevails in favor of the correctness of an order granting a new trial although made by another judge than the one who tried the cause, and such intendments must be overcome by affirmatively showing error.

ID. — FINDING — DOCUMENTARY EVIDENCE — DEPOSITIONS. — Where a finding has been made upon a conflict of evidence, or contrary to evidence, or without evidence, the appellate court will not interfere with the action of the trial court in granting a new trial, although the evidence upon which it acted consists of depositions and documentary and oral evidence.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Wm. T. Wallace, John Currey,* and *B. S. Brooks,* for Appellants.

And this court has decided that " where the testimony in the court below is in the form of depositions, the Supreme Court on appeal will re-examine it, and is not bound by the rule which

forbids disturbing a judgment where there is a conflict of evidence." (*Lander* v. *Beers,* 48 Cal. 546; *Wilson* v. *Cross,* 33 Cal. 61.)

The Superior Court had no jurisdiction to set aside the findings and judgment, unless the evidence was *insufficient to justify the findings.* A mere difference of opinion as to the weight of testimony would not justify it. The statute does not authorize the court to set aside the verdict of a jury, because the court comes to a different conclusion on the facts. The successful party has a property in his verdict; and he can only be deprived of it for the causes stated in the statute. Judge Dwinelle sat in the place of the jury, and his findings stand as a verdict, but Judge Hunt did not occupy that position. (*Canning* v. *C. P. R. R. Co.* 50 Cal. 166; *Glenn* v. *Arnold,* 56 Cal. 631; *Witherby* v. *Thomas,* 55 Cal. 11; *Helbing* v. *Svea Ins. Co.* 54 Cal. 159; *Griffith* v. *Moss,* 47 Cal. 569; *Merle* v. *Mathews,* 26 Cal. 455.)

*S. M. Wilson,* and *E. J. Pringle,* for Respondents, cited *Canning* v. *C. P. R. R. Co.* 50 Cal. 166; *Altschul* v. *Doyle,* 48 Cal. 535; *Macy* v. *Davila,* 48 Cal. 646; *Irving* v. *Cunningham,* 58 Cal. 306; *Pierce* v. *Schaden,* 55 Cal. 406; *DuBrutz* v. *Jessup,* 54 Cal. 118; *Coleman* v. *Rankin,* 37 Cal. 247; *Parrott* v. *Floyd,* 54 Cal. 534; *De Godey* v. *Godey,* 39 Cal. 167; *Watson* v. *R. R. Co.* 41 Cal. 17; *Lick* v. *Madden,* 36 Cal. 213.

McKEE, J. — The action in this case was tried and decided by the late District Court of Contra Costa County. After decision and judgment a motion was made for a new trial upon a bill of exceptions. Before the motion was heard the attorney for the plaintiff, having been elected judge of the Superior Court of the county, became disqualified from acting in the case, and the action was removed and transferred to the Superior Court of the city and county of San Francisco. There the motion was argued and submitted, and after a review of the evidence contained in the certified bill of exceptions, the court sustained the motion and ordered a new trial, and from the order this appeal has been taken.

Although the order was made by the successor of the trial court, or rather by another judge than the one who tried the

cause, yet as every intendment prevails in favor of its correctness, the appellant is bound to overcome such intendments by affirmatively showing prejudicial error.   No such error has been made to appear.

The issues tried involved the genuineness of certain instruments in writing, through which defendants claimed title to the real property in controversy in the case.   Upon those issues much documentary and oral evidence was given by both parties; and, from an examination of the evidence contained in the record, we are of opinion there was no abuse of discretion by the court below in granting a new trial.

Where a finding has been made upon a conflict of evidence, or contrary to evidence, or without evidence, this court does not interfere with the action of the lower court in granting a new trial, although the evidence upon which it has acted may consist, as it does in this case, of depositions and documentary and oral evidence.   (*Canning* v. *C. P. R. R. Co.* 50 Cal. 166; *Parrott* v. *Floyd,* 54 Cal. 534; *Macy* v. *Davila,* 48 Cal. 646; *Altschul* v. *Doyle,* 48 Cal. 535.)

Order affirmed.

McKINSTRY, J., and ROSS, J., concurred.

Hearing in Bank denied.