[No. 15306. Department Two.—September 1, 1894.]

## M. P. JONES, RESPONDENT, v. C. T. SANDERS, APPELLANT.

MOTION FOR NEW TRIAL—REVIEW OF CONFLICTING EVIDENCE—DUTY OF TRIAL COURT.—Upon motion for a new trial, it is the duty of the trial court to examine the evidence, even though it be conflicting, and if dissatisfied with the conclusions reached, to grant a new trial.

ID.—CHANGE OF JUDGE.—The rule is the same whether the motion is heard by the judge who tried the case, or by some other judge, whose only knowledge of the facts is obtained from the record.

ID.—APPEAL—REVIEW OF ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE.—A motion for a new trial, upon the ground of the insufficiency of the evidence to justify the decision, is addressed to the sound legal discretion of the trial court, and an order granting a new trial on that ground will not be reviewed upon appeal unless it appears that there was a clear abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Fisher Ames*, for Appellant.

*W. S. Goodfellow*, for Respondent.

The COURT.—This action was brought in the superior court of the city and county of San Francisco, and the question involved was whether the plaintiff had a right to maintain a certain sewer across a lot owned by the defendant in that city. The case was tried before the late Judge Hoge, and the findings and judgment were in favor of the defendant. The plaintiff moved for a new trial upon the ground that the findings were not justified by the evidence, but before the motion was heard Judge Hoge died. Afterwards the motion was heard by another judge of the court and granted, and from that order this appeal is prosecuted by the defendant.

It is claimed for appellant that as Judge Hoge presided at the trial his findings upon all the questions of fact should be treated as conclusive.

We do not understand this to be the rule applicable to a case like this. It is true that this court will not review findings when there is a substantial conflict in the evidence, but it has been repeatedly held that upon motion for a new trial it is the duty of the trial court to examine the evidence, even though it be conflicting, and if dissatisfied with the conclusions reached, to grant a new trial. And the rule is the same whether the motion is heard by the judge who tried the case or by some other judge, whose only knowledge of the facts is obtained from the record. (*Macy* v. *Davila*, 48 Cal. 646; *Bauder* v. *Tyrrel*, 59 Cal. 99; *Blum* v. *Sunol*, 63 Cal. 341; *Wilson* v. *California C. R. R. Co.*, 94 Cal. 166.)

It is also claimed that the evidence without any substantial conflict was sufficient to justify and sustain the findings made by Judge Hoge, and that the order granting the new trial was therefore erroneous. But it is well settled that a motion for new trial, upon the ground of the insufficiency of the evidence to justify the verdict or other decision, is addressed to the sound legal discretion of the trial court, and that an order granting a new trial on that ground will not be reversed on appeal, unless it appears that there was a clear abuse

of discretion. (*Pico* v. *Cohn*, 67 Cal. 258; *Breckinridge* v. *Crocker*, 68 Cal. 403; *Nally* v. *McDonald*, 77 Cal. 284; *Bjorman* v. *Fort Bragg Redwood Co.*, 92 Cal. 500.)

Here we do not think any such abuse of discretion appears as would justify a reversal of the order. This being so, no good would be accomplished by a rehearsal of the facts, and any discussion of them for the purpose of indicating the results which should be reached on the new trial would be *obiter dictum*, and out of place.

The order appealed from is affirmed.