BENET, DEMANDANTE Y APELADO, *v.* HERNÁNDEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre indemnización por persecución maliciosa y libelo.

MOCIÓN para que se desestime la apelación por haberse presentado la exposición del caso después de vencido el término legal y por no haberse incluído en la misma las enmiendas propuestas y aprobadas.

No. 1193.—Resuelto en mayo 24, 1915. [1]

EXPOSICIÓN DEL CASO—CONFLICTO RESPECTO AL CONTENIDO DE LA MISMA—JUEZ QUE DEBE DIRIMIRLO—PODER PARA CANCELAR LA CERTIFICACIÓN APROBATORIA—ERROR O INADVERTENCIA.—Cuando existe conflicto respecto al contenido de una exposición del caso archivada en la corte de apelación, debe recurrirse al juez sentenciador para que lo dirima, pues no obstante dicho archivo, tiene poder para cancelar su certificación puesta al pie de la misma, si se convenciere de que su acción fué errónea o realizada inadvertidamente.

NUEVO JUICIO—JURISDICCIÓN—JUECES DISTINTOS.—Con arreglo el artículo 220 del Código de Enjuiciamiento Civil, la corte que decide el pleito es la que tiene

---

[1] En junio 21, 1915, denegada reconsideración.

jurisdicción para conocer de la solicitud de nuevo juicio, aunque el juez que la presida cuando dicha solicitud se presente no sea el mismo que dictara la sentencia.

Id.—Efecto del Artículo 226 del Código de Enjuiciamiento Civil—Sitio para la Celebración de la Vista de un Nuevo Juicio.—El efecto de la sección 226 del Código Enjuiciamiento Civil, es el de prescribir expresamente que el juez de la corte sentenciadora, sea o no el mismo que dictó la sentencia, puede celebrar la vista de la moción de nuevo juicio, bien en sala de justicia o ya fuera de ella, hallándose en su distrito o en cualquiera otro de la isla.

Id.—Nuevas Pruebas—Discreción Judicial—Abuso de Discreción—Confirmación de la Resolución Apelada.—Cuando en una moción de nuevo juicio el juez que la niega entiende que cierta prueba que se decía descubierta después de celebrada la vista no era suficiente para variar la conclusión a que llegara el juez sentenciador después de un detenido estudio de todas las circunstancias concurrentes, y no se demuestra que al actuar así abusara de su poder discrecional, su decisión debe ser confirmada.

Persecución Maliciosa—Elementos Esenciales de la Acción.—En las acciones por persecución maliciosa cuatro son los elementos esenciales que deben alegarse y probarse, a saber: 1, que el demandante ha sido denunciado por el demandado; 2, que el caso terminó de modo favorable para el demandante; 3, que fué seguido maliciosamente y sin que existiera causa probable; 4, que el demandante sufrió daños y perjuicios como consecuencia de ella.

Id.—Derecho de la Parte Perjudicada—Indemnización Adecuada que Comprenda Todos los Elementos del Daño Inferido.—La parte perjudicada en una acción sobre persecución maliciosa, tiene derecho a obtener una indemnización adecuada que comprenda todos los elementos del daño inferido. Dichos elementos de daño incluyen pérdida de tiempo, peligro de la vida o de la libertad, injurias al renombre, reputación, carácter y salud, sufrimientos mentales, desprestigio general en el crédito social y mercantil, pérdida efectiva en la propiedad, interés y crédito, decrecimiento en la capacidad para ganar dinero y todas las pérdidas sufridas en el negocio. Tales daños deben ser el resultado directo, natural y próximo del primitivo caso.

Libelo—Abogados—Publicación de un Cargo Contra la Buena Reputación de un Abogado—Libelo Accionable per se.—La publicación de una denuncia constitutiva de una imputación escrita contraria a la buena reputación de un abogado, es un libelo accionable *per se.*

Los hechos están expresados en la opinión.

El apelante compareció por escrito en nombre propio.

Abogados del apelado: *Sr. José Martínez Dávila* y el propio apelado.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre indemnización procedente de la Corte de Distrito de Mayagüez. Cuatro días antes del

señalado para la vista del recurso, la parte apelada solicitó
la desestimación del mismo por medio de una moción acompañada de varios documentos que no aparecía notificada a
la parte contraria. La corte ordenó que se notificara debidamente la moción y señaló para su vista el mismo día ya
fijado para la del recurso en su fondo. La parte apelante
impugnó la moción solicitando la desestimación del recurso
por medio de otra moción escrita y acompañada también de
varios documentos. En el día señalado se vieron la moción
y el recurso, con la sola asistencia del representante legal
de la parte apelada, y el caso quedó definitivamente sometido
a nuestra consideración y resolución.

La solicitud de desestimación se basa en que la exposición del caso que aparece en la transcripción fué presentada
después de vencido el término de ley y en que en la misma
no se incluyeron las enmiendas propuestas por el apelado
y aprobadas por el juez sentenciador.

En cuanto al primer extremo, parece desprenderse de los
documentos acompañados a la moción de impugnación, que
dicho apelante archivó su primera exposición del caso dentro de la prórroga del término legal que al efecto le concediera el juez sentenciador. En cuanto al segundo extremo,
son más confusos los hechos. El apelante admite en su moción de impugnación que presentó la exposición del caso,
con entrega de copia a la parte contraria, el 19 de enero de
1914; que en 6 de junio de 1914 la parte contraria propuso
enmiendas; que en 11 de julio de 1914 el juez sentenciador
le ordenó que presentara una nueva exposición del caso que
contuviera una relación fiel y exacta de lo actuado en el
mismo; que el 27 de julio de 1914 presentó la nueva exposición y envió copia de ella a la parte contraria; que la parte
contraria no le notificó que hubiera propuesto enmiendas a
la nueva exposición y que dicha exposición fué aprobada
el 28 de agosto por el Juez Sepúlveda que dictó la sentencia y el 2 de septiembre por el Juez Hutchison que negó el
nuevo juicio, habiéndose elevado una copia de ella certifi

cada por el Secretario a esta Corte Suprema, y entregado otra a la parte contraria.

Ahora bien, de una certificación expedida por el Secretario de la Corte de Distrito de Mayagüez acompañada a la moción de desestimación, aparece que en los autos del pleito existe un escrito del demandante de fecha 12 de agosto de 1914 proponiendo enmiendas a la exposición del caso enmendada, algunas de las cuales fueron declaradas con lugar por el juez sentenciador.

Tenemos, pues, ante nosotros, un verdadero conflicto. Si se da crédito a la certificación del juez setenciador que aparece al pie de la exposición del caso que se elevó a esta Corte Suprema, dicha exposición ''es una expresión fiel y exacta de todos los procedimientos que tuvieron lugar ante mí en la vista en juicio oral y público del presente caso''; y si se da crédito a lo consignado por el secretario, faltan en la exposición las enmiendas últimamente propuestas por la parte apelada y aprobadas por el juez sentenciador. Esto demuestra lo errado del procedimiento seguido por la parte apelada al solicitar, por tal motivo, la desestimación del recurso. Antes que a esta corte, debió dicha parte haberse dirigido al juez sentenciador para que fuera él, que podía hacerlo con verdadero acierto, el que dirimiera el conflicto. En el caso de *Flynn* v. *Cottle,* 47 Cal., 526, se decidió que no obstante haberse archivado la exposición del caso en la corte de apelación, tiene poder el juez que la aprobó para cancelar su certificación puesta al pie de la misma, si se convence de que su acción fué errónea o realizada inadvertidamente.

No habiendo seguido la parte apelada el procedimiento adecuado, declararemos sin lugar su moción de desestimación del recurso y seguiremos considerando la exposición obrante en los autos como eficaz en cuanto sea posible. Creemos oportuno hacer constar que hemos examinado las enmiendas a que se refiere la certificación acompañada a la moción de desestimación y hemos concluído que no tienen gran impor-

tancia para la decisión del recurso. En tal virtud, los intereses de la parte apelada no sufrirán perjuicio alguno.

Expuesto lo que antecede, procederemos al estudio de la apelación en su fondo. Para ello comenzaremos por fijar las cuestiones de hecho y de derecho envueltas en el mismo. La demanda, la contestación, la contrademanda y la contestación a la contrademanda ocupan veinte páginas de la transcripción. Procuraremos extractar sus hechos esenciales en la forma más breve que nos sea posible. Siempre que nos refiramos a José Benet Colón y a Agustín Hernández Mena, los designaremos respectivamente como el apelado y el apelante.

En la demanda se alegan tres causas de acción. La primera es por persecución maliciosa y se funda en que el apelante maliciosamente y sin causa probable para ello presentó denuncia jurada contra el apelado ante el Fiscal del distrito acusándole como autor de un delito de falsa representación e impostura, consistente en haber el apelado, a sabiendas, voluntaria e ilegalmente, simulada, falsa y fraudulentamente representado como abogado a un tal Avelino Martínez ante la Corte Municipal de Mayagüez sin que el citado Martínez le hubiera conferido su representación en dicho pleito; habiendo recomendado el Fiscal el archivo de la denuncia por no encontrar culpable al apelado. Por tal motivo el apelado alegó haber sufrido pérdidas en su clientela forense y notarial valoradas en $2,500; en sus relaciones sociales, valoradas en $2,500; calculando su sufrimiento y agonía mental en $5,000. La segunda causa de acción es por libelo y se funda en el hecho de haber el apelante publicado la anterior denuncia maliciosamente y con intención de exponer al apelado al desprecio público y perjudicarle en sus negocios. Y la tercera causa de acción es también por libelo infamatorio y se funda en el hecho de haber el apelante publicado o hecho publicar o intervenido en la publicación, en cierto periódico que se edita en Mayagüez, de cierta carta en que se imputa por el apelante falsamente al apelado la comisión de cier-

tos hechos deshonestos y criminales que se especifican con el objeto de desacreditarle ante el público. La demanda que está jurada y que contiene todos los detalles necesarios en los documentos de su clase, termina suplicando que se dicte sentencia en contra del apelante por la suma de cuarenta y cinco mil pesos.

El apelante contestó negando general y específicamente todos los hechos esenciales de la demanda y presentó una contrademanda ejercitando dos causas de acción, la primera por persecución maliciosa, fundada en que el apelado presentó denuncia ante la Corte Municipal de Mayagüez acusando al apelante y al márshal de dicha corte del delito de desacato, consistente en haber violado una orden de *injunction* e infringido la ley de 8 de marzo de 1906, habiendo sido absueltos los acusados; y la segunda por libelo infamatorio, fundada en la publicación en un periódico de Mayagüez de una carta dirigida por el apelado al apelante conteniendo conceptos injuriosos, que se especifican, para el apelante. En la demanda se solicita finalmente una sentencia favorable por cincuenta mil pesos.

El juicio se celebró el 22 de octubre de 1913, presentando ambas partes prueba documental y testifical, y se resolvió por sentencia de 31 de octubre de 1913, por virtud de la cual se declaró con lugar la demanda y sin lugar la contrademanda, condenándose al apelante a pagar al apelado la suma de dos mil dollars como indemnización de daños y perjuicios. En su relación del caso y opinión, la corte sentenciadora, se expresa así:

"La corte, después de haber estudiado detenidamente la evidencia introducida y después de haber hecho un estudio cuidadoso de la ley y jurisprudencia aplicables a las cuestiones envueltas en este litigio, ha llegado a la conclusión de que se han probado satisfactoriamente, todos y cada uno de los hechos esenciales y necesarios, alegados en la demanda para constituir las tres causas de acción que en la misma se ejercitan.

"Por otra parte, la corte llega a la conclusión de que no se han.

probado satisfactoriamente todos los hechos esenciales y necesarios, alegados en la contrademanda, para ejercitar las causas de acción que contra el demandante, en la misma ejercita el demandado.

"La corte hace constar, especialmente, que de la prueba practicada, ha quedado convencida, fuera de toda duda razonable, de que el suelto que apareció en el periódico *La Voz de la Patria* el día 26 de diciembre de 1912, titulado 'Sección Neutral,' 'Dos Cartas,' fué públicado por el demandado Agustín Hernández Mena, o este demandado lo hizo publicar o permitió que se publicara."

El apelante presentó una moción de nuevo juicio que fué declarada sin lugar el 4 de diciembre de 1913. Solicitada reconsideración de dicha orden de 4 de diciembre, fué negada la solicitud el 13 del mismo mes y año. Entonces el apelante recurrió para ante este Tribunal Supremo de las resoluciones de 4 y 13 de diciembre de 1913 y de la sentencia, habiéndose celebrado la vista de dichos recursos el 11 de diciembre de 1914.

Estudiaremos primero las cuestiones relativas al nuevo juicio y luego las que se refieren a la sentencia.

Ambas partes sostienen que el juez que decidió la solicitud de nuevo juicio actuó sin jurisdicción. Basándose en ello, el apelado solicita que se desestime el recurso relativo al nuevo juicio. El apelante pide que esta corte adopte la resolución que proceda en derecho.

El juez que dictó la sentencia en este caso fué trasladado a otro distrito y otro juez fué nombrado en su lugar. Después del cambio, se presentó la solicitud de nuevo juicio en la corte sentenciadora y el nuevo juez nombrado la consideró y resolvió. ¿Tenía jurisdicción para hacerlo? Es la cuestión que debemos resolver.

El artículo 220 del Código de Enjuiciamiento Civil esencialmente igual al 656 del de California y a la sección 3523 de los Códigos de Idaho, es como sigue:

"Un nuevo juicio es la revisión de una cuestión de hecho ante la corte o árbitro que celebró el anterior en que se suscitó aquélla y pronunció sentencia."

Con arreglo a la letra de dicho precepto legal, nos parece enteramente claro que la corte que decide el pleito es la que tiene jurisdicción para conocer de la solicitud de nuevo juicio, aunque el juez que la presida cuando dicha solicitud se presente no sea el mismo que dictara la sentencia.

En el caso de *Jones* v. *Sanders,* 103 Cal., 678, la Corte Suprema de dicho Estado invocó la regla de que en mociones para nuevo juicio es el deber de la corte sentenciadora examinar la evidencia, aun cuando sea contradictoria, y si no está satisfecha con las conclusiones a que antes llegara, debe conceder un nuevo juicio, y entonces dijo: ''Y la regla es la misma si la moción se oye por el juez que juzgó el caso o por algún otro juez cuyo solo conocimiento de los hechos es obtenido por los autos. *Macy* v. *Dávila,* 48 Cal., 646; *Bauder* v. *Tyrrel,* 59 Cal., 99; *Blum* v. *Sunol,* 63 Cal., 341; *Wilson* v. *California C. R. R. Co.,* 94 Cal., 166.

Parece que la alegación de las partes relativa a la falta de jurisdicción de que se trata, se funda en el artículo 226 de nuestro Código de Enjuiciamiento Civil, que dice así:

''La vista de la moción para un nuevo juicio podrá celebrarse ante el juez que conoció del juicio anterior, en sala de justicia o fuera de ella, en cualquier distrito de la isla.''

En el Código de Enjuiciamiento Civil de California no aparece dicho precepto legal, pero sí en el de Idaho, sección 3530 de los códigos de dicho Estado. Hemos consultado la jurisprudencia de la Corte Suprema de Idaho y no hemos encontrado ninguna decisión interpretando el precepto.

A nuestro juicio la sección 226 debe interpretarse en armonía con la 220. La regla de que sea *la corte sentenciadora* la que conozca de la solicitud de nuevo juicio, subsiste, y el efecto de la sección 226 es el de prescribir expresamente que el juez de dicha corte sentenciadora puede celebrar la vista de la misma, bien en sala de justicia o ya fuera de ella, hallándose en su distrito o en cualquier otro de la isla. En tal vir-

tud la jurisdicción del juez que decidió la moción de nuevo
juicio en este caso, es evidente.

Veamos ahora si la moción considerada en sus méritos,
fué o nó propiamente declarada sin lugar.

La solicitud se basó en el descubrimiento de nuevas prue-
bas sobre cierto extremo relativo a la tercera causa de acción
alegada en la demanda, a saber: la publicación de la carta
libelosa. Como hemos visto, el juez sentenciador concluyó
que se había demostrado que el apelante había hecho publi-
car o permitido que se publicara la carta en cuestión. La
nueva prueba que se decía descubierta tendía a probar que
a Antonio Olivencia le fueron entregadas copias de dos car-
tas, una de ellas la libelosa, por una persona desconocida,
y que como mera cuestión de información, las llevó a publi-
car a un periódico de la ciudad de Mayagüez y que en efecto
se publicaron. El juez que negó la moción, entendió que la
prueba que se decía descubierta después de celebrada la vista
no era suficiente para variar la conclusión a que llegara el
juez sentenciador tras un detenido estudio de todas las cir-
cunstancias concurrentes, y, a nuestro juicio, no se ha demos-
trado que al actuar así abusara de su poder discrecional, único
caso en que podríamos revocar su decisión.

Aun aceptando la verdad de la declaración de Olivencia,
su narración no es necesariamente opuesta a la conclusión
de que el apelante permitió que se publicara la carta, ya que
la persona desconocida que la entregó a Olivencia pudo ser
enviada por el apelante.

Por virtud de todo lo expuesto, procede la confirmación
de las resoluciones apeladas de 4 y 13 de diciembre de 1913.

Examinemos ahora la apelación de la sentencia.

Sostiene el apelante que la corte erró al declarar con
lugar la primera y la segunda causas de acción de la demanda,
porque el apelado no probó los diferentes elementos que inte-
gran las acciones por persecución maliciosa.

En primer lugar diremos que sólo la primera causa de
acción es por persecución maliciosa. La segunda es por libelo.

Hecha esta aclaración, veamos cuáles son esos elementos que integran las acciones por persecución maliciosa, y si se ha demostrado o nó que tales elementos existen en este caso. La ley que regula la materia fué expuesta en *Parés* v. *Ruiz*, 19 D. P. R., 342, 346, así:

"En las acciones por persecución maliciosa, cuatro son los elementos esenciales que deben alegarse y probarse, a saber: 1. Qué el demandante ha sido denunciado por el demandado. 2. Que la causa terminó de modo favorable para el demandante. 3. Que fué seguida maliciosamente y sin que existiera causa probable. 4. Que el demandante sufrió daños y perjuicios como consecuencia de ello. Field on Damages, artículo 686, pág. 544; 26 Cyc., 8; *Breneman* v. *West*, 21 Tex. Civ. App., 19; 50 S. W. Rep., 471; *Collins* v. *Campbell*, 18 R. I., 738; 31 Atl. Rep., 832."

La existencia del primero y del segundo de los elementos esenciales necesarios en este caso, no cabe ni siquiera discutirla. La prueba demuestra que el apelado fué denunciado directamente, bajo juramento, por el apelante, ante el Fiscal del distrito, imputándole la comisión de un delito público; y que el Fiscal practicó la investigación correspondiente, y finalmente solicitó el archivo de la misma por no encontrar culpable al denunciado.

También se probó a nuestro juicio la existencia del tercero de los elementos esenciales. Los hechos ocurrieron del siguiente modo. En la Corte Municipal de Mayagüez se tramitó un pleito civil seguido entre el apelante y Avelino Martínez Mercado, sobre cobro de dinero. Avelino Martínez Mercado estuvo representado en los comienzos del pleito por el abogado Juan Quintero. Luego éste, según su propia declaración en el acto de la vista, llevó a Martínez al bufete del apelado a fin de que el apelado continuara como su abogado en el pleito. El apelado declaró en el acto de la vista que se hizo cargo en efecto de la representación. Poco tiempo después y antes de que se dictara sentencia, murió Martínez. Entonces un hermano suyo llamado Manuel habló con el apelado para que continuara gestionando el asunto y el apelado

convino en ello. Manuel Martínez conferenció también con el apelante a quien manifestó que el abogado encargado del pleito no era Quintero sino el apelado. Así las cosas y no obstante la muerte del Martínez y de no haber sido sustituído por su sucesión en el pleito, se dictó sentencia en contra suya en la corte municipal. Entonces el apelado recurrió para ante la corte de distrito como abogado de Avelino Martínez, explicando que lo hizo así porque si bien tenía la representación de algunos de los que componían su sucesión, no se la habían conferido todos. El término para apelar no podía perderse.

No obstante haber ocurrido así los hechos, el apelante consignó en su denuncia jurada dirigida al Fiscal que "dicho José Benet, a sabiendas, voluntaria e ilegalmente, simulada, falsa y fraudulentamente, asumió la representación como abogado del demandado Avelino Martínez Mercado, que había muerto con anterioridad, y bajo tal carácter usurpado, autorizó con su firma en representación del demandado Avelino Martínez Mercado, presentó y entregó al secretario * * * un escrito apelando de la sentencia * * * con el deliberado propósito criminal de defraudar al demandante Agustín Hernández Mena."

A nuestro juicio basta leer los hechos que anteceden para concluir sin esfuerzo alguno que el apelante imputó al apelado un delito de falsa representación sin causa probable para ello, y que al actuar así, lo hizo maliciosamente.

Veamos si existió el cuarto y último de los elementos esenciales.

Dice Cyc., en su tratado sobre persecución maliciosa, refiriéndose a los elementos constitutivos de los daños compensatorios: "La parte perjudicada tiene derecho a obtener una indemnización adecuada que comprenda todos los elementos del daño inferido. Dichos elementos de daño incluyen pérdida de tiempo, peligro de la vida o de la libertad, injurias al renombre, reputación, carácter y salud, sufrimientos mentales, desprestigio general en el crédito social y mercantil,

pérdida efectiva en la propiedad, interés y crédito, decrecimiento en la capacidad para ganar dinero, y todas las pérdidas sufridas en los negocios. Tales daños deben ser el resultado directo, natural y próximo del primitivo caso.'' 26 Cyc., 61.

Las tres causas de acción ejercitadas en la demanda están tan íntimamente enlazadas, que revelan una combinación completa. Primero la denuncia, luego la publicación de esa denuncia y por último el uso del periódico para dar a conocer al público en general los hechos denunciados y otros más, todos tendentes a destruir la reputación del apelado. Esto hace difícil distinguir cuál parte de la prueba practicada con referencia a los daños sufridos por el apelado, se aplica a cada una de las causas de acción. De ahí sin duda que la corte sentenciadora al determinar la suma que el apelante debía pagar al apelado, fijara una sola cantidad en globo.

Limitándonos en esta primera causa de acción a la declaración prestada por el apelado en el acto de la vista que ocupa muchas páginas de la transcripción, diremos que ella explica de una manera completa y persuasiva los trastornos que en su familia, en su bufete y en sus relaciones sociales le ocacionaron los actos del apelante y el intenso sufrimiento moral que soportó a consecuencia de ellos.

El juez fijó por toda indemnización la suma de dos mil pesos, y prescindiendo de las demás causas de acción ejercitadas y considerando que dicha suma se hubiera fijado solamente para compensar los trastornos y sufrimientos a que nos hemos referido, aun así, no nos parecería desproporcionada.

Muy poco diremos con respecto a la segunda causa de acción. El apelante la discute en su alegato conjuntamente con la primera y nada especialmente suscita en cuanto a ella. La publicación de la denuncia fué evidente y evidente también que constituía una imputación escrita de un cargo contrario a la buena reputación de un abogado, siendo, por tanto, accionable *per se.* 25 Cyc., 333 y casos citados.

Sostiene el apelante que la corte sentenciadora erró al declarar con lugar la tercera causa de acción "porque el demandante no ha probado en forma alguna legal, que el demandado publicó, hizo publicar o permitió se publicara el artículo titulado 'Sección Neutral,' 'Dos Cartas,' el 27 de diciembre de 1912, en el periódico *La Voz de la Patria* que se edita en Mayagüez, o sea, la carta que aparece dirigida a José Benet y firmada Agustín Hernández."

A lo anterior, que hemos copiado textualmente del alegato del apelante, se limita la impugnación de la sentencia en cuanto por ella se declaró con lugar la tercera causa de acción. No se discute el carácter libeloso de las imputaciones hechas en la carta en cuestión al apelado. Nada se dice con respecto a los daños y perjuicios sufridos por el mismo. Sólo se sostiene que no se probó que la carta fuera publicada por el apelante y en tal virtud que el apelante no es responsable de tal acto.

En la demanda se transcriben seis párrafos de la carta publicada en el periódico *La Voz de la Patria* y que aparece dirigida por el apelante al apelado, sosteniéndose que por virtud de ellos se imputó al apelado: (*a*), ser un vil calumniador; (*b*), haber asumido ilegal falsa y fraudulentamente la representación de un cliente; (*c*), ser infiel a los clientes que no le compensaban sus servicios profesionales; (*d*), haber cometido el delito de perjurio y engañado a la Corte de Distrito de Mayagüez; (*e*), haber falsificado pruebas, y (*f*), haber engañado a clientes, haciéndoles creer que habían perdido pleitos ganados, para adquirir sus derechos a muy bajo precio en perjuicio de ellos.

En cuanto a los daños y perjuicios, el apelado alegó específicamente en su demanda que los había sufrido y en el acto de la vista presentó prueba sobre ellos. Además de su propia declaración a la que nos referimos al examinar la primera causa de acción, presentó el apelado la de José A. Menéndez, quien manifestó que la lectura de la carta en el periódico le

produjo una impresión desfavorable al apelado y trató de retirarle un asunto que tenía en sus manos.

Expuesto lo que antecede, veamos si la prueba es o nó suficiente para relacionar al apelante con la publicación de la carta libelosa. No hay prueba directa de que el apelante llevara personalmente al periódico la carta. El apelado dirigió al apelante cierta carta a la que nos referiremos al analizar la contrademanda, tendiendo a demostrar la prueba que el apelante contestó. ¿Se limitó el apelante a contestar y a enviar la carta a su privado destino, o la lanzó a los vientos de la publicidad? Tal es la cuestión decisiva en este caso.

El apelado declaró bajo juramento que no envió la carta al periódico. En la misma forma declaró el apelante. El juez sentenciador creyó al apelado y no al apelante y éste no nos ha demostrado que al actuar así el juez lo hiciera movido por sentimientos opuestos a la recta administración de la justicia.

Al contrario, todas las circunstancias concurrentes tienden a demostrar la corrección de la conclusión del juez. El apelante no sólo niega haber intervenido en la publicación de la carta, sino que va más lejos: niega en su declaración jurada en el acto de la vista, que sea su autor. Y cuando se le preguntó con respecto a lo que hizo al ver publicada en un periódico una carta de tal naturaleza que ostentaba su firma, contestó que nada hizo, que creyó que aquello se debía a un ardid del apelado.

Hubo prueba tendente a demostrar que el periódico en que se publicó la carta era hostil al apelado. Llamado su editor a declarar, dijo que no podía afirmar quién había llevado a la redacción la carta y que eso no obstante ordenó su publicación. Su declaración es aparentemente inverosímil.

La publicación perjudicaba claramente al apelado y en cambio estaba en perfecta armonía con la actitud adoptada por el apelante para con el apelado. Alguien tuvo necesariamente que ser el autor de la carta y de su publicación, y

analizados y pesados todos los indicios, la balanza se inclina indicando al apelante como autor. Y así lo resolvió la corte sentenciadora, con razón a nuestro juicio.

En tal virtud, procede la confirmación de la sentencia apelada en cuanto por ella se declaró la demanda con lugar.

Examinemos, por último, las cuestiones relativas a la contrademanda del apelante.

La primera causa de acción ejercitada carece de fundamento. Se demostró en el acto de la vista que el apelante fué en efecto denunciado por el apelado como autor de un delito de desacato y que fué absuelto por la corte, pero se demostró también que el apelado tuvo una buena causa para actuar. Nos limitaremos a narrar concisamente los hechos. En la Corte Municipal de Mayagüez se siguió un pleito sobre tercería entre Francisco Arán y el apelante, siendo abogado de Arán el apelado. En dicho pleito se dictó una orden de *injunction* a fin de que el demandado,—el apelante,— no embargara determinada propiedad, con motivo de la ejecución de cierta sentencia que había obtenido a su favor. Luego se dictó sentencia declarando que la dicha propiedad correspondía al tercerista Arán y convirtiendo en perpetuo el *injunction* preliminar. Apelada la sentencia y pendiente el recurso, el apelante trató de ejecutar de nuevo la sentencia que se había dictado a su favor, embargando la propiedad que se le había ordenado no embargar por medio del *injunction*.

Y también carece de fundamento, a nuestro juicio, la segunda y última causa de acción ejercitada. Fué por libelo y se basó en la publicación de la carta que el apelado dirigió al apelante y que dió motivo a la contestación del apelante base de la tercera causa de acción ejercitada en la demanda.

Analizada dicha carta se concluye que a menos que se pudieran comprobar ciertas imputaciones que el apelado hace en ella al apelante, tales imputaciones podrían servir de fundamento para una acción por libelo infamatorio. Mas como el apelado probó en el acto de la vista que envió dicha carta bajo sobre cerrado y sellado en una forma enteramente pri-

vada al apelante, y que no publicó la carta en modo alguno, es necesario concluir que falta ese elemento esencial para la existencia del libelo.

Además el apelante no demostró que recibiera daño material alguno y en cuanto al sufrimiento moral que pudiera haber sufrido, escúchense sus propias palabras, tomadas de su declaración jurada prestada en el acto de la vista:

\* \* \* "las manifestaciones que me hizo el Señor Benet en su carta, no me hicieron impresión ninguna; a mí no me impresiona nada; soy viejo en la materia ya."

Por virtud de todo lo expuesto, procede, 1°., declarar sin lugar la moción de desestimación del apelado, y 2°., declarar sin lugar los recursos interpuestos y en su consecuencia confirmar las resoluciones denegatorias de nuevo juicio y la sentencia apelada.

> *Desestimada la moción y confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.