[Civ. No. 1525.  Third Appellate District.—November 9, 1916.]

HENRY MILLER et al. (a Partnership), Appellants, v. ROBERT LOGAN et al. (a Partnership), Respondents.

SERVICES—ORDER GRANTING NEW TRIAL—CONFLICT OF EVIDENCE—APPEAL.—In an action for services in remodeling and repairing a building, an order granting the defendants a new trial must be affirmed on appeal, where there was substantial evidence to support the defendants' contention that there was a specific contract to do all the work for the sum claimed by them, notwithstanding the evidence of the plaintiffs to the contrary.

ID.—ORDER GRANTING NEW TRIAL—DISCRETION.—The trial judge in granting a motion for a new trial has a very broad discretion, and the order will be upheld on appeal if it may be supported on any of the assigned grounds.

ID.—AFFIRMANCE OF ORDER—CONFLICT OF EVIDENCE—RULE APPLICABLE TO DIFFERENT JUDGE.—An order granting a new trial will not be disturbed where there was a conflict of evidence on material issues, unless it can be said a verdict in favor of the moving party would not have found sufficient legal support in such evidence; and the rule is the same whether the motion is heard by the judge who tried the case, or by some other judge whose only knowledge of the facts is obtained from the record.

APPEAL from an order of the Superior Court of Solano County granting a new trial.  W. T. O'Donnell, Judge.

The facts are stated in the opinion of the court.

L. G. Harrier, and Philip R. McEnerney, for Appellants.

P. B. Lynch, and W. H. Morrissey, for Respondents.

BURNETT, J.—The appeal is from an order granting the motion for a new trial.  Appellant states that the appeal is taken "with full knowledge of the great discretion lodged in a trial judge in the matter of granting a new trial when the evidence placed before the jury is conflicting.  But we desire to protest strongly against what seems to us to be the arbitrary undoing of all the labor and expense which necessarily goes into a trial by jury, in a case where no injustice was done, in which a fair and proper verdict was rendered by a jury selected and approved by both sides, in which the

judge granting the new trial was not the judge who heard the testimony, and in which the testimony was not in actual conflict.''

We can readily understand the disappointment of appellants' counsel, we have no doubt of their sincerity of purpose, and we have been deeply impressed by their able and earnest advocacy, but in view of the revelations of the record, and under the well-established rules of judicial procedure in this state, there remains nothing for us to do but to affirm the order.

Before quoting from the record and the authorities, we may notice briefly this statement of appellant and the admitted facts in the case. In the first place, after reading the evidence we cannot say that the action of the judge in granting a new trial was arbitrary. To the contrary, we are bound to presume that he acted from the highest motives, believing that justice and equity required a new trial. We must assume that his attitude was that characterized by Burke as ''the cold neutrality of an impartial judge,'' and that his only desire was that no wrong should be done to either litigant. Again, that ''a fair and proper verdict was rendered in a case where no injustice was done'' is no doubt the belief of appellant, but upon the motion for a new trial that very question was presented to the judge for determination and his judgment to the contrary must be accepted here if there be substantial support for it. It may be added that on motion for a new trial the same rule applies to another judge as to the one who tried the cause, and an examination of the record convinces us that there was a substantial conflict in the evidence in a material matter.

Now a word as to the nature of the issues:

The action was for services in remodeling and repairing a one-story frame building occupied as a saloon. In the first count of their complaint appellants alleged that the agreed price was to be $3,164.33, and claimed a balance due of $1,064.33. The second count was upon *quantum meruit* for the same amount. Defendants denied that they agreed to pay said sum of $3,164.33 or any greater sum than $2,100, denied that the reasonable value of said services was any greater than said latter sum, and alleged that plaintiffs agreed to do all the work for a sum not to exceed $2,100 ''and for as much less as they could.'' It was admitted that defend-

ants had paid the said sum of $2,100, and it cannot be denied that said allegation of a specific contract to do the work for said sum presented a defense to the action. If there had been a finding that such was the agreement, it would require a judgment in favor of defendants. The jury, though, rejected the theory thus set up in the answer and brought in a verdict in favor of plaintiffs for the sum of $994.63.

The important question then is: Was there any substantial evidence to support defendants' contention? Of this there can be no doubt when attention is directed to the following testimony of Robert Logan: "In December, 1912, I had a conversation with Mr. Miller and Mr. Cassidy relative to remodeling the Acme Saloon, formerly called the Waldorf. I asked Mr. Miller and Mr. Cassidy to look the building over. I submitted a rough plan to them that I had drawn myself and asked them to look it over and give me a figure on it. I think they must have, and afterward, Mr. Miller said: 'We will do the work for $1,700, what you have laid out.' I said: 'If you will do the work for that, it is agreeable to me.' . . . I gave Miller & Cassidy the work to do for $1,700. Miller told me he would do the work for $1,700 and we agreed upon that price. We agreed upon the kind of work and what was to be done. The building was finally built along the lines we agreed upon with the exception of cutting out what we call the reading-room, it was a partition in the east end of the saloon that was cut out entirely. The pebble-dash front was not in the original, Mr. Cassidy made the suggestion to me that we put on a pebble-dash front, and I rather liked the idea myself, but I told him that I didn't think we could do it at that time; and if possible we might do it later on, and he explained to me that we would have to have it painted anyhow, and I better have it done now while the work was new. So I asked him how much more it would cost to complete the building with a pebble-dash. He said it would cost $2,100, and he said: 'Should it cost less than $2,100, you will receive the benefit of it.' *For all the work done in the building, we agreed upon the price of $2,100, including the pebble-dash front. There was nothing done in the building that was not included in the $2,100; the fixed sum agreed upon was $2,100.*"

"The change from $1,700 to $2,100 was talked over and agreed upon and after that was agreed on, we did not order

any additions; some were struck out. . . . I told him what
I wanted and submitted this plan to him with measurements.
I told him how I wanted it about the marble base-board and
paneled walls and so forth. It was understood at the time,
as near as I can remember, that we wanted everything that
is now in the building.''

He was subjected to a rigid cross-examination, but he held
to the theory that the entire work was to be done for $2,100,
with possibly the exception of some trivial alterations or addi-
tions. The testimony of his partner was to the same effect.
The credibility of these witnesses is vigorously questioned by
appellant. We can see in their statements, however, nothing
inherently improbable. Such contracts are not unusual, nor
does it appear necessarily unreasonable that plaintiffs should
have agreed to do the work for the sum mentioned. At least,
it involves a question of candid disputation. Much might
be said on both sides of the proposition, and for such reason
we cannot disturb the order granting the motion for a new
trial.

As to the principle governing the case, we may refer to the
latest expression of the supreme court in *Tweedale* v. *Barnett*,
172 Cal. 271, [156 Pac. 483], wherein it is said through Mr.
Justice Melvin: ''It is a rule so well understood that discus-
sion of it seems almost superfluous, that the discretion of the
court granting such a motion is very broad and the order will
be upheld by the court to which an appeal is taken if it may
be supported upon any of the assigned grounds. (*Morgan*
v. *J. W. Robinson Co.*, 157 Cal. 348–351, [107 Pac. 695];
*Wurzberger* v. *Nellis*, 165 Cal. 48–50, [130 Pac. 1052]; *Cahill*
v. *E. B. & A. L. Stone Co.*, 167 Cal. 126–129, [138 Pac. 712].)
We may not disturb such an order where there was at the
trial a conflict of evidence upon material issues unless we
can say that a verdict in favor of the moving party would
not have found sufficient legal support in such evidence.
(*Empire Investment Co.* v. *Mort*, 169 Cal. 732, [147 Pac.
960].)''

That the same rule applies where another judge hears the
motion for a new trial is held in *Jones* v. *Sanders*, 103 Cal.
678, [37 Pac. 649], wherein it is said: ''It is claimed for appel-
lant that as Judge Hoge presided at the trial his findings upon
all the questions of fact should be treated as conclusive. We
do not understand this to be the rule applicable to a case

like this. It is true that this court will not review findings when there is a substantial conflict in the evidence, but it has been repeatedly held that upon motion for a new trial it is the duty of the trial court to examine the evidence, even though it be conflicting, and if dissatisfied with the conclusions reached, to grant a new trial. And the rule is the same whether the motion is heard by the judge who tried the case or by some other judge, whose only knowledge of the facts is obtained from the record. (*Macy* v. *Davila,* 48 Cal. 646; *Bauder* v. *Tyrrel,* 59 Cal. 99; *Blum* v. *Sunol,* 63 Cal. 341; *Wilson* v. *California C. R. R. Co.,* 94 Cal. 166, [17 L. R. A. 685, 29 Pac. 861].)''

Respondents claim that the order can be justified on other grounds, but we deem it unnecessary to consider them. These involve the contention that certain errors were committed by the trial judge in his rulings upon the admissibility of evidence. They seem, however, comparatively unimportant and the questions will probably not arise in the new trial. So we forego any specific notice of them.

We think the order should be affirmed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.