[Civ. No. 18324. Second Dist., Div. One. May 6, 1952.]

BERTHA COHEN, Appellant, v. JULIAN COHEN, Respondent.

Leonard Horwin and Jones & Wiener for Appellant.

Paul Gordon and Melvin E. Fink for Respondent.

DRAPEAU, J.—An interlocutory judgment of divorce in favor of plaintiff wife was entered on May 23, 1950. Thereafter both parties moved for a new trial. By its minute order of September 1, 1950, the trial court denied plaintiff's motion. In denying defendant's motion, the court, pursuant to section 662, Code of Civil Procedure, modified the judg-

ment by reducing the $750 award of attorney's fees to plaintiff's counsel to the sum of $400.

Plaintiff appealed from the whole of the interlocutory judgment except that part which granted her a divorce. She also appealed from the order of modification.

By stipulation filed in this court, the appeal has been abandoned except for that portion which is taken from the order of modification reducing the award of fees to plaintiff's attorneys.

The divorce action was heard by Honorable Ben R. Ragain, Judge of the Superior Court of Colusa County, sitting in Los Angeles County by designation of the Chairman of the Judicial Council. His assignment having expired, the motions for new trial were heard by the Honorable W. Turney Fox, then a Judge of the Superior Court of Los Angeles County.

Defendant's notice of motion for new trial recites: "Said motion will be made and based upon this Notice and upon all the records, pleadings and files in this action." Attached to said notice of motion was a letter from Judge Ragain that it had been his intention to allow $750 as fees to counsel for each of the parties; and that it had not been called to his attention that such fees had partially been paid. In that connection, the record discloses that plaintiff's counsel had previously collected $350 attorney's fees, pursuant to a minute order made on hearing of order to show cause pendente lite which provided that payment of further fees, if any, should be fixed at time of trial on the merits.

It is here urged that the judge, who heard the motions for new trial, lacked jurisdiction to modify the original judgment. This for the reasons that the modification is entirely unsupported by the evidence and the court had no discretion to modify it in the absence of having heard the testimony.

Judge Fox had before him the minute order awarding $350 as attorney's fees, as well as all other proceedings in the case. In the exercise of the discretion vested in him, he decided that $750 was a reasonable fee for the entire services rendered. As a matter of fact, he did not change Judge Ragain's decision, but merely corrected an obvious error in the record. This was well within the power conferred by section 662, Code of Civil Procedure, and in ac-

740

cord with the holding in *Woods* v. *Walker*, 57 Cal.App.2d 968, 972 [136 P.2d 72]:

"Plaintiff further contends that as the judge who heard the motion for a new trial was not the judge who tried the case, his powers and duties with respect to weighing the evidence and determining the motion were not the same as would have been the powers and duties of the judge who tried the case in the event that the latter had heard and determined the motion. But the authorities in this jurisdiction are all to the contrary. (*Jones* v. *Sanders*, 103 Cal. 678 [37 P. 649]; *Wilson* v. *California C.R.R. Co.*, 94 Cal. 166 [29 P. 861, 17 L.R.A. 685]; *Miller* v. *Logan*, 32 Cal.App. 28 [161 P. 1022].)".

The order appealed from is affirmed.

White, P. J., and Doran, J., concurred.